IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO,
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN BEIERSDORFER, *et al*. | : | |
| | : | Case No. 4:19-cv-260 |
| Plaintiffs, | : | |
| | : | JUDGE BENITA Y. PERSON |
| v. | : | |
| | : | |
| FRANK LAROSE, in his official capacity as Secretary of State of Ohio, *et al*. | : | |
| | : | |
| | : | |
| Defendants. | : | |

**ANSWER OF DEFENDANT PORTAGE COUNTY BOARD OF ELECTIONS**

The Defendant: Elayne J. Cross, Doria Daniels, Patricia Nelson, Denise L. Smith, in their official capacities as members of the Portage County Board of Elections, hereby responds and answers the Plaintiffs' Complaint as follows:

1. In paragraph 1 of Plaintiffs' Complaint the Plaintiffs assert legal conclusions which require no response. Any allegation for which a response is required is denied.

2. In paragraph 2 of Plaintiffs' Complaint the Plaintiffs assert legal conclusions as well as legal authority that speaks for itself and which does not require a response. Allegations in this paragraph that may require a response are hereby denied.

3. In paragraph 3 of the Plaintiffs' Complaint the Plaintiffs assert legal conclusions and legal authority which speaks for itself and for which no response is required. Any allegations in this paragraph that may require a response are hereby denied.

4. The allegations in paragraph 4 of the Plaintiffs' Complaint are denied. Regarding Plaintiffs' reference to legal authority and the Ohio Revised Code such legal authority being

referenced speaks for themselves. To the extent one is required, the allegations in paragraph 4 are denied.

5. The allegations in paragraphs 5, 6, 7, 8, 9, 10, 11, 12, 13 Plaintiffs' Complaint are hereby denied.

6. The Defendant members of the Portage County Board of Elections are without knowledge are information sufficient to form a belief as to the truth of the allegations in paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 and therefore the allegations in paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26 of the Plaintiffs' Complaint are denied.

7. The allegations in paragraph 27 of the Plaintiffs' Complaint are hereby denied.

8. Defendant acknowledges and/or admits that Frank LaRose is the Ohio Secretary of State, with an office in Columbus, Ohio, and who has certain duties and authority under the Ohio Revised Code. No response is required to the extent paragraph 28 contains legal conclusions, and any and all other allegations in paragraph 28 of Plaintiffs' Complaint are denied.

9. Defendant admits that the previous Ohio Secretary of State was John Husted. Any and all other allegations in paragraph 29 of Plaintiffs' Complaint are denied.

10. In paragraphs 30, 31, 32, Plaintiff references members of various county boards of elections, such references speak for themselves regarding the composition of those county boards of elections. No response is required to the extent that those paragraphs contain any conclusions of law. Any remaining allegations are denied.

11. Admitted that Elayne J. Cross, Dora Daniels, Patricia Nelson, Denise L. Smith are the appointed members of the Portage County Board of Elections, located at 449 South

Meridian Street in Ravenna, Ohio and that the same are named in Plaintiffs' Complaint in their official capacities.  Defendant denies any and all other allegations in paragraph 33 of Plaintiffs' Complaint.

12. In paragraphs 34, 35, 36, Plaintiff references members of various county boards of elections, such references speak for themselves regarding the composition of those county boards of elections. No response is required to the extent that those paragraphs contain any conclusions of law.  Any remaining allegations in paragraphs 34, 35, 36 of Plaintiffs' Complaint are denied.

13. The allegations in paragraph 37 are denied.

14. No response is required to any legal conclusion which may be stated in paragraphs 38, 39, 40, 41 of Plaintiffs' Complaint.  Any allegations that may exist in those paragraphs are hereby denied.

15. Any legal conclusion contained in paragraph 42 does not require a response. Any allegation in paragraph 42 of the Plaintiffs' Complaint is hereby denied.

16. Any legal conclusion contained in paragraph 43 does not require a response. To the extent that a response is required, any allegation in paragraph 43 is denied.

17. The allegations in paragraphs 44, 45, 46, 47 of Plaintiffs' Complaint are denied.

18. Paragraphs 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58 references sections of the Ohio Revised Code that speak for themselves and no response is required as to any legal conclusions in said paragraphs.  Any allegations that may be contained in paragraphs 48, 49. 50. 51, 52, 53, 54, 55, 56, 57, 58 of Plaintiffs' Complaint are denied.

19. The statutory reference in paragraph 59 speaks for itself. To the extent a response is required, the allegations in paragraph 59 are denied.

20. The allegations in paragraph 60 of the Plaintiffs' Complaint are denied.

21. The statutory reference in paragraph 61 speaks for itself. To the extent one is required, the allegations in paragraph 61 are denied.

22. The allegations in paragraph 62 of the Plaintiffs' Complaint are denied. The cited legal authority speaks for itself and no response is required.

23. The statutory reference in paragraph 63 speaks for itself. Any allegation in that paragraph is denied.

24. The allegations in paragraphs 64 & 65 are denied.

25. The statutory reference in paragraph 66 speaks for itself and no response is required as to any legal conclusion. Any allegation in paragraph 66 of Plaintiffs' Complaint is denied.

26. The allegations in paragraph 67 of Plaintiffs' Complaint are denied.

27. The allegations in paragraphs 68, 69, 70, 71 of Plaintiffs' Complaint are denied.

28. The statutory references in paragraphs 72, 73, 74, 75 speak for themselves and regarding their content no response is required. Any allegations in those paragraphs are denied.

29. The allegations in paragraphs 76, 77 of Plaintiffs' Complaint are denied.

30. The referenced legal authority in paragraphs 78, 79, 80 speak for themselves. Any allegations in those paragraphs of Plaintiffs' Complaint are denied.

31. The Allegations in paragraph 81 of Plaintiffs' Complaint are denied.

32. The referenced legal authority in paragraphs 82 of Plaintiffs' Complaint speaks for itself. Any allegations in those paragraphs are denied.

33. Any allegations attempted to be made in paragraphs 83, 84, 85, 86, 87, 88, 88, 89, 90, 91, 92, are denied.

34. The legal authority referenced in paragraph 93 speaks for itself, any allegation in paragraph 93 of Plaintiffs' Complaint is denied.

35. The allegations in paragraph 94 of the Plaintiffs' Complaint are denied.

36. The statutory reference in speaks for itself, and any allegation in paragraph 95 of the Plaintiffs' Complaint is denied.

37. The allegations in paragraphs 96, 97, 98 of the Plaintiffs' Complaint are denied.

38. The legal authority referenced in paragraph 99 speaks for itself, and any allegation in paragraph 99 is denied.

39. The allegations in paragraphs 100, 101, 102, 103, 104, 105 are denied.

40. The legal authority referenced in paragraph 107 speaks for itself, and any allegation in that paragraph that may exist is denied.

41. The allegations in paragraph 107 are denied.

42. The Defendant is without knowledge or information sufficient to from a belief as to the truth of the allegations in paragraphs 108, 109, 110, 111, 112, 113, 114, 115 in Plaintiffs' Complaint and therefore are denied.

43. The legal conclusions referenced in paragraph 116 of the Plaintiffs' Complaint speak for themselves and does not require a response. Any allegation in this paragraph is denied.

44. Any legal conclusion provided in paragraph 117 does not require a response. Any allegation in this paragraph that may exist is denied.

45. Any allegation in paragraphs 118, 119, 120, 121, 122 are denied.

46. Any legal conclusion referenced in paragraph 123 does not require a response. Any allegation in paragraph 123 of the Plaintiffs' Complaint is denied.

47. Any allegations in paragraphs 124, 125 of Plaintiffs' Complaint are denied.

48. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 126, 127, 128 of Plaintiffs' Complaint.

49. Any allegations in paragraphs 129, 130 of the Plaintiffs' Complaint are denied.

50. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131, 132, 133, 134, 135, 136, 137, 138, 139, 140 therefore those allegations are denied.

51. Any allegations in paragraph 141 of Plaintiffs' Complaint are denied.

52. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 142, 143, 144, 145, 146, 147, 148 of the Plaintiffs' Complaint and therefore such allegations are denied.

53. Any referenced legal authority in paragraphs 149, 150, 151, 152, 153, 154, 155, 156 speaks for itself and no response is required. Further, as to any allegations in said paragraphs, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 149, 150, 151, 152, 153, 154, 155 and therefore such are denied.

54. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 156, 157, 158, 159, 160, 161, 162 and therefore such are denied.

55. As to any legal conclusions contained in paragraph 163 of the Plaintiffs' Complaints no response is required. Any allegation that may exist in that paragraph is denied.

56. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 164, 165 and therefore such are denied.

57. Any allegations in 166, 167 are denied.

58. As to any legal conclusions contained in paragraph 168 no response is required. Any remaining allegation in paragraph 168 of the Plaintiffs' Complaint is denied.

59. Any allegations in 169, 170, 171, 172 of Plaintiffs' Complaint are denied.

60. As to any legal conclusions contained in paragraph 173 no response is required. And any allegation that may exist in that paragraph 173 is denied.

61. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 174 of Plaintiffs' Complaint therefore such allegations are denied.

62. Any allegation in paragraph 175 of Plaintiffs' Complaint is denied.

63. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 176, 177, 178, 179, 180 of Plaintiffs' Complaint therefore such allegations are denied.

64. As to any legal authority referenced in paragraph 181 of the Plaintiffs' Complaint such speak for itself. Any remaining allegations are denied.

65. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 182, 183 of Plaintiffs' Complaint therefore such allegations are denied.

66. Any allegation in paragraph 184 of the Plaintiffs' Complaint is denied.

67. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 185, 186, 187 of Plaintiffs' Complaint therefore such allegations are denied.

68. Any allegations in paragraphs 188, 189 are denied.

69. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 190, 191, 192, 193, 194, 195, 196, 197, 198, 199 of Plaintiffs' Complaint and are therefore denied.

70. As to any legal authority referenced no response is required, and any allegation in paragraph 200 of Plaintiffs' Complaint that may exist is denied.

71. Defendant is without knowledge or information sufficient to form a belief as to the truth of the any allegations contained within paragraphs 201, 202, and therefore are denied.

72. As to any legal authority referenced in paragraph 203 of Plaintiffs' Complaint such speaks for itself. Any allegation within paragraph 203 of Plaintiffs' Complaint is denied.

73. Defendant is without knowledge or information sufficient to form a belief as to the truth of the any allegations contained within paragraphs 204, 205, 206, 207, 208, 209, 210, 211, 212, 213, 214 therefore such are denied.

74. Any allegations in paragraphs 216, 217 are denied.

75. Regarding paragraph 219, the Portage County Board of Elections is without knowledge as to date when a grassroots group concerned about the community's water, air, and soil emerged in Portage County. Further, the Portage County Board of Elections is without knowledge as to the date when such a group officially became known as the Portage County Community Rights Group. The Portage County Board of Elections admits that a petition for a proposed charter for Portage County, Ohio, which among other things, contained provisions pertaining to the structure of county government and the extraction of fossil fuels etc., was submitted to the Portage County Board of Elections in July 2016 by the Portage Community Rights Group. To the extent a response is required, any other allegation that may exist in paragraph 219 is hereby denied.

76. Regarding paragraph 220 of Plaintiffs' Complaint, the Portage County Board of Elections is without knowledge sufficient to answer the exact role of Plaintiffs Fischer and Rae as part of the Portage Community Rights group; however, Ms. Fischer is shown as being part of a committee to represent the petitioners relating to circulating the petition for a proposed charter for Portage County, Ohio, and that Ms. Fisher and Mr. Rae signed a document regarding a protest of what is described in that document as the Portage County Board of Elections' "rejection of said Charter Proposal from placement on the November 2016 general election ballot. * * * " To the extent one may be required, any other allegations that may exist in paragraph 220 are hereby denied for lack of knowledge.

77. Admitted that Portage Community Rights Group filed a charter petition in July of 2016, and that the charter petition contained 4283 valid signatures. To the extent a response is required, any other allegation in paragraph 221 of Plaintiffs' Complaint is denied.

78. The allegations in paragraph 222 are denied.

79. Regarding paragraph 223, admitted that a protest was filed in August of 2016 related to the proposed charter. To the extent a response is required, the allegations are denied.

80. Admitted that the Ohio Secretary of State denied the protest and that it speaks for itself. Any remaining allegations in paragraph 224 are denied.

81. Admitted that the Ohio Secretary of State was a defendant in a mandamus action before the Ohio Supreme Court related to the protest referenced in paragraph 223 and paragraph 224 of Plaintiffs' Complaint. Further, any remaining allegations in paragraph 225 of Plaintiffs' Complaint are denied.

82. Paragraph 226 of Plaintiffs' Complaint states legal conclusions to which no response is required. Furthermore, the cited legal authority speaks for itself and no response to allegations regarding content is required. Any remaining allegations are denied.

83. The Portage County Board of Elections is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 227 of the Plaintiffs' Complaint and therefore the allegations are denied.

84. The Portage County Board of Elections is without knowledge sufficient to form a belief as to the truth of the allegations in paragraph 228 of the Plaintiffs' Complaint and therefore the allegations are denied.

85. The allegations in paragraph 229 are denied.

86. The allegations in paragraph 230 are denied.

87. Regarding paragraph 231 of Plaintiffs' Complaint, to the extent that it incorporates other paragraphs in its Complaint, the Defendant reasserts all denials, responses and defenses previously made are incorporated herein.

88. Any allegation in paragraphs 232, 233, 234, 235 in Plaintiffs' Complaint are denied.

89. Any allegation in paragraph 236 is denied and it is denied that Plaintiffs are entitled to any relief.

90. Regarding paragraph 237 of Plaintiffs' Complaint, the Defendant reasserts all denials, responses and defenses previously made and incorporates the same herein.

91. Any allegations in paragraphs 238, 239, 240, 241 of Plaintiffs' Complaint are denied.

92. Any allegations in paragraph 242 are denied and it is denied that Plaintiffs are entitled to any relief.

93. Regarding paragraph 243 of Plaintiffs' Complaint, the Defendant reasserts all denials, responses, and defenses previously made and incorporates the same herein.

94. Any allegation in paragraphs 244, 245, 246, 247 are denied.

95. Any allegation in paragraph 248 is denied and it is denied that Plaintiffs are entitled to any relief.

96. Regarding paragraph 249 of Plaintiffs' Complaint, the Defendant reasserts all denials, responses, and defenses previously made and incorporates the same herein.

97. Any allegation in paragraphs 250, 251, 252, 253 are denied.

98. Any allegation in paragraph 254 is denied, and it is denied that Plaintiffs are entitled to any relief.

99. Regarding paragraph 255 of Plaintiffs' Complaint, the Defendant reasserts all denials, responses, and defenses previously made and incorporates the same herein.

100. Regarding paragraph 256, the United States Constitution speaks for itself and no response is required. To the extent one is required, any allegation in this paragraph is denied.

101. Any allegation in paragraphs 257, 258, 259 are denied.

102. Any allegation in paragraph 260 is denied and it is denied that Plaintiffs are entitled to any relief.

103. Regarding paragraph 261 of Plaintiffs' Complaint, the Defendant reasserts all denials, responses and defenses previously made and incorporates the same herein.

104. Regarding paragraphs 262, 263, 264, including reference to the Due Process Clause of the Fourteenth Amendment that speaks for itself, as well as any and all legal

conclusions provided in those paragraphs, no response is required. To the extent one is required, any allegations in these paragraphs are denied.

105. Any allegations in paragraphs 265, 266, 267, 268, 269 are denied.

106. Any allegation in paragraph 270 is denied and the relief requested by Plaintiff is denied.

107. Regarding paragraph 271 of Plaintiffs' Complaint, the Defendant reasserts all denials, responses and defenses previously made and incorporates the same herein.

108. Any allegation in paragraphs 272, 273, 274, 275, 276, 277, 278, 279 in Plaintiffs' Complaint are denied.

109. Any allegation in paragraph 280 is denied and the relief requested by Plaintiff is denied.

110. Regarding paragraph 281 of Plaintiffs' Complaint, the Defendant reasserts all denials, responses and defenses previously made and incorporates the same herein.

111. Any allegation in paragraphs 282, 283, 284, 285 are denied.

112. Any allegation in paragraph 286 is denied and the relief requested by Plaintiffs is denied.

113. In response to Plaintiffs' Prayer for Relief, including all portions and sub-parts, the Defendant Portage County Board of Elections and its named members in their official capacities respectfully request that Judgment be granted to the Defendant(s), and it is further denied that Plaintiff is entitled to any relief.

114. Regarding titles and/or section headers in Plaintiffs' Complaint, any allegations that that may arise from those are hereby denied.

115. Any other allegation in the Plaintiffs' Complaint that was not expressly admitted, or denied, is hereby denied.

## AFFIRMATIVE DEFENSES

1. The Plaintiffs fail to state a claim for which relief may be granted.

2. The Plaintiffs lack standing to pursue their claims.

3. The Court lacks jurisdiction over Plaintiffs' claims.

4. The Plaintiffs' prior lawsuit(s) in state court precludes this action.

5. The laws challenged by the Plaintiff do not violate the United States Constitution.

6. The Plaintiffs are not entitled to the facial relief because Plaintiffs cannot prove the required showing for this relief.

7. At all times relevant to this action against the Defendant Portage County Board of Elections and its named members in their official capacities, the Defendant acted in accordance with law.

8. The Plaintiffs are not legally entitled to its requested relief, nor is it legally entitled to attorney fees, expenses and costs.

9. The Portage County Board of Elections reserves the right to supplement its answer with additional defenses, including without limitation affirmative defenses, as this matter proceeds in litigation.

WHEREFORE, the Defendant Portage County Board of Elections and its named members in their official capacities respectfully request that this Court dismiss all of Plaintiffs' claims, with prejudice, and that Plaintiff be awarded no relief, no costs, and no attorney fees, or other fees.

Respectfully submitted,

VICTOR V. VIGLUICCI
PORTAGE COUNTY PROSECUTING ATTORNEY

/s/ *Christopher J. Meduri*
_____
Christopher J. Meduri (0065072)
Chief Assistant Prosecutor
241 South Chestnut Street
Ravenna, Ohio 44266
(330) 297-3850 telephone
(330) 297-4594 facsimile
cmeduri@portageco.com
Attorney for Defendant Portage County
Board of Elections

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the U.S. District for the Northern District of Ohio on April 26, 2019.  Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of this Court's electronic filing system.

/s/ *Christopher J. Meduri*
_____
Christopher J. Meduri (0065072)
Portage County Prosecutor's Office