### IN THE UNTED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| SUSAN BEIERSDORFER, et al. ) | |
| ) | |
| Plaintiffs ) | CASE NO. 4:19-CV-00260 |
| ) | |
| vs. ) | |
| ) | |
| FRANK LaROSE, in his official capacity ) | |
| as Secretary of State of Ohio, et al. ) | |
| ) | |
| Defendants ) | |

**JOINT MOTION TO EXCUSE PRESENCE OF MEMBERS OF THE ATHENS, FRANKLIN, LUCAS, MAHONING, MEDINA, MEIGS, AND PORTAGE COUNTY BOARDS OF ELECTIONS IN THEIR OFFICIAL CAPACITIES AS DEFENDANTS AT CASE MANAGEMENT CONFERENCE SCHEDULED FOR JULY 17, 2019**

This Motion is brought by the following Defendants: (1) Athens County Board of Elections Members Helen Walker, Kate McGuckin, Ken Ryan, and Aundrea Carpenter-Colvin; (2) Franklin County Board of Elections members Kimberly E. Marinello, Douglas J. Preisse, Michael E. Sexton, Brad K. Sinnott; (3) Lucas County Board of Elections Members Richard F. Schoen, Brenda Hill, Joshua Hughes, and David Karmol; (4) Mahoning Board of Elections Members David Betras, Mark E. Munroe, Robert Wasko, Tracey S. Winbush, (5) Medina County Board of Elections members Pamela B. Miller, John V. Welker, Jr., Chuck Calvert, and Larry G. Cray; (6) Meigs County Board of Elections Members David W. Fox, James V. Stewart, Charles E. Williams, and Paula J. Wood; and (7) Portage County Board of Elections Members Elayne J. Cross, Doria Daniels, Patricia Nelson, Denise L. Smith (collectively referred to as "Local Boards of Elections"

or "Defendants"). These Defendants, sued in their official capacity, by and through counsel, respectfully request that this Court issue an order excusing their presence at the Status Conference scheduled for July 17, 2019. Local Civil Rule 16.3(d) requires that "*The parties, each of whom will have settlement authority, and lead counsel of record must participate in the Status Conference. The parties must participate in person unless, upon motion with good cause shown or upon its own motion, the Judicial Officer allows the parties to be available for telephonic communication.*" Defendants respectfully request that their presence at the Case Management Conference be excused for the following reasons:

1. <u>Unique Nature of This Case and Limited Authority of Local Boards of Elections:</u> This case involves a challenge to the constitutionality of Ohio law and the decisions of Ohio's judiciary in allowing pre-ballot review of initiative petitions. More specifically, Plaintiffs claim that the Ohio election laws permitting Local Boards of Elections and the Ohio Secretary of State to scrutinize the subject matter and content of ballot initiatives and related judicial decisions interpreting Ohio law violate the First, Ninth and Fourteenth Amendments of the United States Constitution and the "separation of powers doctrines" of the Ohio Constitution. Since Plaintiffs are seeking a legal determination from this Court as to the Constitutionality of the Ohio statutes and the decisions of Ohio's judiciary, this is beyond the settlement authority of the Local County Boards of Elections, particularly given that Ohio's chief elections officer, the Ohio Secretary of State, is a defendant in this action and is being represented by the Ohio Attorney General's Office.

2. <u>Restraints of Ohio's Open Meetings Laws:</u> Local Boards of Elections are public bodies under Ohio's open meeting laws, which require all of its deliberations regarding public business be done in meetings open to the public. Ohio Revised Code Sec. 121.22. The

presence of more than two members of the Board at a Case Management Conference where they would be expected to express their position as a Board regarding settlement of this action would constitute a meeting of the public body and could constitute a violation of Ohio's open meetings law. Conversely, the presence of less than a quorum would not speak authoritatively to the question of settlement because of a lack of a majority of the members. Further, the Ohio Attorney General has recognized that public meetings need to be held within the geographical jurisdiction of the public body. 1992 Ohio Op. Att'y Gen. 032, citing 1944 Op. Att'y Gen No. 7038, p. 406: "[C]ompliance with the spirit of the statutory scheme governing the conduct of public meetings would appear to require a political subdivision to conduct its meetings within the geographical boundaries of the subdivision." Discussions of settlement can be facilitated by the Assistant Prosecuting Attorneys, the statutory representatives of the Local Boards of Elections, without the necessity of their presence, particularly at this stage of the litigation.

3. <u>Defendant Ohio Secretary of State Represents the State's Position:</u> The Ohio Secretary of State, the chief elections official of the state of Ohio, is also named as a defendant in this matter, and is represented by the Ohio Attorney General. The Secretary of State stands in a much greater position of authority to represent the position of the State of Ohio with regard to the constitutionality of its law and the decisions of its judiciary than the involved Local Boards of Elections.

4. <u>Burden on Individual Members of Local Boards Outweighs Utility:</u> It would be an undue burden and expense on the various members of the Local Boards of Election to attend the CMC. Many members of the Local Boards of Elections are employed full-time in jobs outside of their roles as Board Members. Attendance at the Case Management Conference

in Youngstown will require them to take a full day off of their regular employment. Even those who are not otherwise employed will be required to clear their calendars for the entire day in order to attend the Case Management Conference. Given the unique nature of this case and the limited role the individual members can play in the settlement of outstanding issues, the *twenty-eight* members of the *seven* Boards of Elections should be relieved of the requirement of Local Civil Rule 16.3(b).

The Athens, Franklin, Lucas, Mahoning, Medina, Meigs and Portage County Boards of Elections, and their individual members, respectfully requests this Court to excuse the Board Members from attending the Case Management Conference.

Respectfully submitted,

*s/ Nick A. Soulas, Jr.*
Timothy A. Lecklider #0022852
Nick A. Soulas, Jr. #0062166
Assistant Prosecuting Attorneys
373 South High Street, 13th Floor
Columbus, Ohio  43215-6318
tlecklider@franklincountyohio.gov
nasoulas@franklincountyohio.gov
(614) 525-3520, FAX (614) 525-6012

*Counsel for Defendants Franklin County Board of Elections Members*

*s/ Sharon K. Hackett (per email authority)*
Sharon K. Hackett (#0011751)
Mark P. D'Apolito (0092037)
Mahoning County Prosecutor's Office
21 West Boardman Street, 6th Floor
Youngstown, OH  44503
Tel.:  (330) 740-2330; Fax:  (330) 740-2829
shackett@mahoningcountyoh.gov
mdapolito@mahoningcountyoh.gov

*Counsel for Defendants Mahoning County Board of Elections Members*

Keller J. Blackburn
Athens County Prosecutor

*s/ Zachary L. Saunders (per email authority)*

Zachary L. Saunders (0088223)
Assistant Athens County Prosecutor
1 South Court Street
Athens, Ohio  45701
(740) 592-3208
Zach.saunders@athenscountyprosecutor.org

*Counsel for Defendants Meigs and Athens County Boards of Elections Members*

Julia R. Bates
Lucas County Prosecutor

*s/ Kevin A. Pituch (per email authority)*
Kevin A. Pituch (0040167)
Evy M. Jarrett (0062485)
Assistant County Prosecutors
700 Adams Street, Suite 250
Toledo, Ohio  43604
Phone:  (419) 213-4700

*Counsel for Defendants Lucas County Board of Elections Members*

Victor V. Vigluicci
Portage County Prosecuting Attorney

*s/ Christopher J. Meduri (per email authority)*

Christopher J. Meduri (0065072)
Chief Assistant Prosecutor
241 South Chestnut Street
Ravenna, Ohio  44266
Tel.:  (330) 297-3850; Fax:  (330) 297-4594
cmeduri@portageco.com

*Attorney for Defendants Portage County Board of Elections Members*

S. Forrest Thompson
Medina County Prosecutor

*s/ Michael K. Lyons (per email authority)*
Michael K. Lyons, Esq. (0030792)
Assistant Prosecuting Attorney
60 Public Square
Medina, Ohio  44256
Phone:  330-723-9536; Fax:  330-764-8400
mlyons@medinaco.org

*Counsel for Defendants Medina County Board of Elections Members*

CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the U.S. District Court for the Northern District of Ohio on July 2nd, 2019. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of this Court's electronic filing system.

*/s/ Nick A. Soulas, Jr.*
Nick A. Soulas, Jr. #0062166
Assistant Prosecuting Attorney
