PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN BEIERSDORFER, *et al.,* | ) | CASE NO. 4:19-CV-260 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| FRANK LAROSE, *et al*., | ) | **ORDER** |
| | ) | [Resolving ECF Nos. 71, 72, 75] |
| Defendants. | ) | |

Defendants Elayne J. Cross, Doria Daniels, Patricia Nelson, and Denise L. Smith in their

official capacities as members of the Portage County Board of Elections filed a Motion to

Dismiss Plaintiffs' claims pursuant to Fed R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). ECF

No. 71. Plantiffs opposed the motion ECF No. 76. Defendants did not reply. Plaintiffs also

filed a Motion for Leave to File First Amended Complaint. ECF No. 72. Terminated Defendants

Lucas County Board of Elections and Mahoning County Board of Elections filed an opposition.[1]

ECF Nos. 73, 74. Plantiffs filed a Motion to Strike[2], or alternatively Reply, to Defendants'

opposition. ECF No. 75.

---

[1] Pursuant to the Court's prior Memorandum of Opinion and Order (ECF No. 69),
Defendants Lucas and Mahoning County Boards of Elections were dismissed from the
case.

[2] Plaintiffs seek to strike Lucas and Mahoning County Boards of Elections'
opposition on the basis that they "are no longer parties to the case[.]" ECF No. 75 at
PageID #: 898.

(4:19CV260)

For the following reasons, the Court grants Defendants' Motion to Dismiss and denies

Plaintiffs' Motion for Leave to Amend. Plaintiffs' Motion to Strike is denied.[3]

## I. Background

### A. Procedural Posture

Plaintiffs filed this action against several named Defendants, including the Portage

County Board of Elections ("Board of Elections"), alleging eight counts. ECF No. 1. Five

counts raise First Amendment challenges, including facial and as-applied content based

restrictions on "core political speech" (Counts 1 & 2), facial and as-applied prior restraint on

expressive conduct (Counts 3 & 4), and Right to Assembly and Petition Clause violations under

the First Amendment (Count 5). Plaintiffs also allege a Substantive Due Process claim asserting

"violation of right of local, community self government" (Count 6); a Ninth Amendment

violation (Count 7) of the right to "local, community self government;" and violation of the

Separation of Powers doctrine under Ohio law (Count 8). Plaintiffs seek declaratory judgment

and preliminary and permanent injunctive relief against all Defendants.

In the Memorandum of Opinion and Order (ECF No. 69) resolving motions to dismiss

filed by Defendants Frank LaRose (ECF No. 38) and the Mahoning County Board of Elections

(ECF No. 22), and a motion for judgment on the pleadings filed by the Lucas County Board of

---

[3] District courts have authority under both federal common law and Rule 54(b) of
the Federal Rules of Civil Procedure to reconsider interlocutory orders and reopen any
part of a case before entry of final judgment. *See Rodriguez v. Tennessee Laborers
Health & Welfare Fund*, 89 F.App'x. 949, 959 (6th Cir. 2004). As the Court's prior
Order (ECF No. 69) did not dispose of all claims against all Defendants, Defendants
Lucas and Mahoning County Boards of Elections may appropriately oppose Plaintiffs'
Motion to Amend. Thus, Plaintiffs' Motion to Strike (ECF No. 75) is denied.

(4:19CV260)

Elections (ECF No. 5), the Court dismissed all counts against those parties.  Defendants Portage

County Board of Elections seek to have all claims dismissed against them.  ECF No. 71.

**B. Ohio's County Charter Initiative Process**

Ohio permits its citizens to pass laws through an initiative process.  This includes the

power to enact a county charter, Ohio Const. art. X, § 3.  Electors of a county may commence the

initiative process by filing a county charter petition with the board of elections or the board of

county commissioners.  O.R.C. § 307.94.  Either way, the board of elections is responsible for

reviewing the petition to "determine whether the petition and the signatures on the petition meet

the requirements of law[.]"  *Id.*; O.R.C. § 307.95(A).  "The petition shall be invalid if any portion

of the petition is not within the initiative power."  O.R.C. §§ 3501.11(K)(2), 3501.38(M)(1)(a),

3501.39(A)(3).  Upon making its determination, the board of elections is required to submit a

report to the board of county commissioners.  O.R.C. §§ 307.94, 307.95(A).  If the petition does

not meet the requirements of law, the board of elections' report must provide "the reasons for

invalidity."  O.R.C. §§ 307.94, 307.95(A).

The board of elections' findings of the validity or invalidity of a county charter petition

may be challenged through a written protest, filed with the board of elections.[4]  O.R.C. §

307.95(B).  The board of elections must deliver or mail to the secretary of state each protest

received.  *Id.* at § 307.95(B)-(C).  The secretary of state must "determine . . . the validity or

---

[4] Additionally, if a petition is initially filed with the board of elections, and the board of elections certifies that the petition is invalid, the petitioners' committee may request that the board of elections establish the validity or invalidity of the petition in an action before the court of common pleas in the county.  O.R.C. § 307.94.

3

(4:19CV260)

invalidity of the petition," including whether the petition is within the initiative power. *Id.* at §

307.95(C). "The determination by the secretary of state is final." *Id.*

### C. Plaintiffs' Allegations Against the Portage County Board of Elections

Plaintiffs Gwen Fischer and Damen Rae are residents of Portage County and members of

the Portage Community Rights Group ("Community Rights Group"). ECF No. 1 at PageID #:

49. In 2016, the Community Rights Group submitted petitions with approximately 4,283

signatures to convert the Portage County government to a charter form. *Id.* at PageID #:50.

Upon review, the Portage County Board of Elections determined the signatures were sufficient

but rejected the petitions as invalid. *Id*; *see also State ex rel. Coover v. Husted*, 70 N.E.3d 587,

588 (Ohio 2016).

The proposed charter contained prohibitions on fracking and injection well usage to

dispose of fracking-related waste. ECF No. 1 at PageID #: 50. The Portage County Board of

Elections refused to place the proposal on the ballot, contending that the proposed charter failed

to adequately provide for a county executive position. *Id.* Plaintiffs filed a timely protest with

then Secretary Husted. *Id.* On August 15, 2016, Secretary Husted issued a decision denying the

protest, instructing the Portage County Board of Elections not to place the proposed charter on

the ballot. *Id.* Secretary Husted reasoned the petitions were invalid because the proposed charter

failed to provide for the exercise of powers vested in and duties imposed upon counties and

county officers. *Id.*

Plaintiffs sought a writ of mandamus in the Ohio Supreme Court to compel the Board of

Elections to place the proposed charter on the ballot. *Id.* In the writ, Plaintiffs claimed that pre-

(4:19CV260)

election examination of the proposed charter's content violated their constitutional rights.  *See*

*State ex rel. Coover*, 70 N.E.3d at 589.  The Ohio Supreme Court denied the writ, finding that the

Board of Elections and Secretary of State "merely examined the chart initiatives to determine

whether they met the threshold requirements for inclusion on the ballot." *Id*. at 590.  The court

found the Board of Elections "reasonably determined" language in the proposed charter to be

"insufficient" to provide for appropriate powers of county officers.  *Id*. at 591.  Further, the

Community Rights Group by "forcing one to 'look to sources outside the proposed charter[] to

determine the form of government they purport[ed] to establish...[did] not satisfy the legal

prerequisites.'" *Id*. (quoting *State ex rel. Walker v. Husted,* 43 N.E.3d 419, 425 (Ohio 2015)).

Plaintiffs aver that absent a court order "protecting Plaintiffs' constitutional rights,"

Defendants' ballot access scheme "will continue to unlawfully interfere with Plaintiffs'

constitutional rights and violate the separation of powers." ECF No. 1 at PageID #: 51.

## II.  Standards of Review

### A. Motion to Dismiss

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a plaintiff's complaint must

allege enough facts to "raise a right to relief above the speculative level." *Ass'n of Cleveland*

*Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Fed. R. Civ. P. 8(a)(2) requires only that a

pleading contain "a short and plain statement of the claim showing that the pleader is entitled to

relief."  However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

5

(4:19CV260)

of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A complaint requires "further factual enhancement," which "state[s] a claim to relief that is plausible on its face." *Id.* at 557, 570.  A claim has facial plausibility when there is enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted.  *Twombly*, U.S. 550 at 564.

Additionally, when a party files a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P.12(b)(1) in conjunction with other Rule 12 motions, the court generally considers the Rule 12(b)(1) motion first.  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction[.]").  "It is the plaintiff's burden . . . to prove that this court has jurisdiction over [the plaintiff's] claim." *Kiser v. Reitz*, 765 F.3d 601, 607 (6th Cir. 2014).  "[W]here a defendant argues that the plaintiff has not alleged sufficient facts in her complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true." *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003).

### B.  Request for Leave to Amend

Fed. R. Civ. P. 15(a) authorizes a plaintiff to amend the complaint once as a matter of course within twenty-one days of service of the complaint, a responsive pleading, or a motion to dismiss.  Fed. R. Civ. P. 15(a)(1).  After that twenty-one-day window has expired, a plaintiff may amend the complaint only with the court's leave or the defendant's written consent. *Springs v.*

6

(4:19CV260)

*U.S. Dept. of Treasury*, 567 F. App'x 438, 443 (6th Cir. 2014) (citing Fed. R. Civ. P. 15(a)(2)).

Fed. R. Civ. P. 15(a)(2) mandates that leave to amend shall be freely given "when justice so

requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Under Rule 15(a), the Court has

discretion in allowing amendments. *Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 591 (6th

Cir. 1990) ("Decisions as to when justice requires amendment are left to the sound discretion of

the trial judge.").

### III. Analysis

#### A. Defendants' Motion to Dismiss

Defendants Portage County Board of Elections contend that Plaintiffs' First Amendment

claims, substantive due process claim, and Ninth Amendment claim all fail to state a plausible

claim for relief. ECF No. 71. Additionally, Defendants assert that Plaintiffs' state law separation

of powers claim is barred under the Eleventh Amendment and that the Court should dismiss the

claim for lack of subject matter jurisdiction. *Id*. at PageID #: 651.

##### (i) Plaintiffs' First Amendment Claims

Counts One and Two of the Complaint allege that Ohio's pre-screening ballot procedure

is a content-based restriction on core political speech and the right to vote. ECF No. 1 at PageID

#: 51-53. Specifically, Plaintiffs aver that "pre-enactment review" by election officials and the

judiciary "violates voters' fundamental right to vote, and inhibits citizens from reforming or

altering their current form of government." *Id*. at PageID #: 52. Counts Three and Four allege

that Ohio's pre-screening ballot procedure "impose[s] severe burdens and unreasonable

restrictions on ballot access" and is therefore a prior restraint on core political speech. *Id*. at

7

(4:19CV260)

PageID #: 53-55.  Plaintiffs also bring, under Count Five, a First Amendment claim alleging a violation of their right to assembly and to petition the government for redress of grievances.  *Id.* at PageID #: 55-56.

The Court recently found Ohio's ballot initiative laws to be content neutral.  *See* ECF No. 69 at PageID #: 630.  The Court also found that Ohio's ballot initiative process does not function as a prior restraint on initiative proponents' free speech rights.  *Id.* at PageID #: 631 ("Ohio's ballot-initiative process does not empower the county boards of election with unfettered discretion over determining whether to certify an initiative petition.").  Instead, it regulates only "the process by which initiative legislation is put before the electorate" and not core expressive conduct.  *Id.* (citing *Schmitt v. LaRose*, 933 F.3d 628, 638 (6th Cir. 2019).  Further, the Court has recognized Ohio's "significant interests" in regulating elections and safeguarding the "integrity and reliability of the initiative process."  *Id.* at PageID #: 635.  After balancing the state's interests against Plaintiffs' First Amendment Rights, the Court found that any such burden on Plaintiffs' First Amendment rights is justified.  *Id.* at PageID #: 636.

Upon review of the record and the applicable law, the Court finds that the Portage County Board of Elections' review of the charter proposal was constitutional.  The Board of Elections examined the proposed charter to determine whether it met threshold requirements for inclusion on the ballot, including whether it adequately provided for a county executive position.  The proposed charter, however, did not meet the requisite requirements.[5]  This finding was later

---

[5] "If a petition 'falls outside the scope of authority to enact via initiative or does not satisfy the statutory prerequisites to place the issue on the ballot,' neither the board of

(continued...)

8

(4:19CV260)

affirmed by the Ohio Supreme Court in its denial of Plaintiffs' writ of mandamus.  The Court

finds the Board of Elections' only aim was to "determine whether the petition and the signatures

on the petition me[t] the requirements of law[.]"  *Id.*; O.R.C. § 307.95(A).

Plaintiffs have failed to show they were "burdened to exclusion or virtual exclusion from

participating in the election process."  ECF No. 69 at PageID #: 634.  Rather, Plaintiffs offer the

Court mere conclusions that Defendants acted with regard to viewpoint of the proposed charter.

ECF No. 1 at PageID #: 49-51.  Plaintiffs First Amendment claims therefore do not contain facial

plausibility required to survive a Rule 12(b)(6) motion to dismiss.

Accordingly, Plaintiffs' First Amendment challenges (Counts 1-5) against Defendant

Portage County Board of Elections are dismissed.

**(ii) Plaintiffs' Fourteenth Amendment Substantive Due Process Claim**

Plaintiffs also assert that Defendants have infringed upon their fundamental right to

"local, community self-government."  ECF No. 1 at PageID #: 56.  In support of their argument,

Plaintiffs point to the American Declaration of Independence and its notions of self-governance

and the right to abolish and replace systems of government.  ECF No. 76 at PageID #: 911.

The Court previously found that the right to local, community self-government is *not* a

fundamental right under the United States Constitution.  *See* ECF No. 69 at PageID #: 638; *See*

*also John Doe No. 1 v. Reed*, 561 U.S. 186, 212 (2010) (Sotomayor, J., concurring) (noting that it

---

[5](...continued)
elections nor the Ohio Secretary of State may accept the initiative."  *Schmitt v. LaRose*,
933 F.3d 628, 635 (6th Cir. 2019) (quoting the Ohio Revised Code § 3501.39(A)(3)).

9

(4:19CV260)

is "instead up to the people of each State . . . to decide whether and how to permit legislation" through "mechanisms of direct democracy" such as the initiative power and referendum power). Plaintiffs have failed to demonstrate that "local, community self-government" is a substantive due process right cognizable under the Fourteenth Amendment. *Id.* at PageID #: 638.

Accordingly, Plaintiffs' substantive due process challenge (Count 6) against Defendants is dismissed.

### (iii) Plaintiffs' Ninth Amendment Claim

Plaintiffs also asserts that their "unenumerated rights preserved for the people by the Ninth Amendment" have been violated. ECF No. 1 at PageID #: 58. In support, Plaintiffs point to the Ohio Supreme Court's "constitutional guarantee" of local self-government in the 1917 decision, *Federal Gas & Fuel Co. v. City of Columbus*, 118 N.E. 103 (Ohio 1917). Plaintiffs summarily state that this "fundamental right" exists without providing any further analysis or authority. *See* ECF No. 1 at PageID #: 58-59; *see also* ECF No. 76 at PageID #: 913.

The Court previously found that the "Ninth Amendment 'does not confer substantive rights in addition to those conferred by...governing law.'" *Id.* at PageID #: 650 (quoting *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991)). Further, a right to local, community self-government is not a right guaranteed under the United States Constitution.

Accordingly, the Court dismisses Plaintiffs' Ninth Amendment challenge (Count 7) against Defendants.

### (iv) Plaintiffs' Separation of Powers Claim

10

(4:19CV260)

Defendants argue that Plaintiffs' separation of powers claim also fails.  The Court agrees.

Actions against the state or an arm of the state are subject to sovereign immunity under the

Eleventh Amendment.  *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005).  The Court found that

"county boards of elections and their members" are arms of the state.  ECF No. 69 at PageID #:

639 (citing *State ex rel. Semik v. Cuyahoga Cty. Bd. of Elections*, 617 N.E.2d 1120, 1122 (Ohio

1993) ("The board of elections . . . is strictly a board and an arm of the state government.").

Plaintiffs have not otherwise shown that the Eleventh Amendment is inapplicable to this case,

nor have they provided any evidence that Ohio has waived sovereign immunity.

Accordingly, because the Portage County Board of Elections is immune, the Court

dismisses Plaintiffs' Separation of Powers claim (Count 8) against Defendants pursuant to Fed.

R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

**B. Plaintiffs' Motion for Leave to File Amended Complaint**

Plaintiffs request leave to amend their complaint for the first time.  ECF No. 72.  After

balancing the competing interests and considerations pertinent herein, the Court denies Plaintiffs'

request for leave to file an Amended Complaint.  Although leave to amend under Fed. R. Civ. P.

15(a) should be liberally granted, the Court is not bound to allow leave to amend where

arguments would be futile.  *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th

Cir. 2000); *see also United States ex rel. Harper v. Miskingum Watershed Conservancy Dist.*,

842 F.3d 430, 440 (6th Cir. 2016).  A proposed amended complaint is futile when it is subject to

summary dismissal under Fed. R. Civ. P. 12(b)(6).  *See Miller v. Calhoun Cty.*, 408 F.3d 803,

817 (6th Cir. 2005).

11

(4:19CV260)

Plaintiffs' proposed First Amended Complaint seeks to add new parties to this case: Sherry Lynn Fleming and Rosemary Hug as plaintiffs; and three members of the Williams County Board of Elections as defendants.  ECF No. 72 at PageID #: 654.  Plaintiffs do not seek to add any additional claims.  Rather, in amending their Complaint, Plaintiffs seek only to repeat futile arguments already made, and dismissed by the Court, regarding the unconstitutionality of the aforementioned Ohio election law statutes.  ECF No. 72 at PageID #: 657.[6]  Thus, the Court finds that Plaintiffs' First Amended Complaint does not contain facts or claims that will, going forward, withstand a Rule 12(b)(6) motion to dismiss.

Accordingly, Plaintiffs' Motion For Leave to Amend is denied.

## IV. Conclusion

For the foregoing reasons, the Court grants Defendants Portage County Board of Elections' Motion to Dismiss (ECF No. 71), denies Plaintiffs' Motion to Amend (ECF No. 72) and denies Plaintiffs' Motion to Strike (ECF No. 75).


IT IS SO ORDERED.


 December 31, 2019                          /s/ Benita Y. Pearson
Date                                       Benita Y. Pearson
                                           United States District Judge

---

[6] In their Motion to Amend, Plaintiffs seek to bring "allegations almost identical to the current plaintiffs against board of elections members who are almost identical to the current defendants."  ECF No. 72 at PageID #: 654.

12