**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SUSAN BEIERSDORFER, *et al.* | : | |
| | : | Case No. 4:19-cv-260 |
| Plaintiffs, | : | |
| | : | JUDGE BENITA Y. PERSON |
| v. | : | |
| | : | |
| FRANK LAROSE, in his official capacity | : | |
| as Secretary of State of Ohio, *et al.* | : | |
| | : | |
| Defendants. | : | |

_____

**MOTION TO DISMISS OF DEFENDANT**
**FRANKLIN COUNTY BOARD OF ELECTIONS**
_____

The Defendant: Douglas J. Preisse, Brad K. Sinnott, Kimberly E. Marinello, Michael E. Sexton, in their official capacities as members of the Franklin County Board of Elections, hereby move that the Plaintiffs' claims against said Defendant(s) be dismissed pursuant to Fed. R. Civ. P. 12(B)(1)  and Fed. R. Civ. P. 12(B)(6) for failure to state a claim upon which relief can be granted. This Motion is more fully supported by the attached Memorandum.

Respectfully submitted,

**RON O'BRIEN**
**PROSECUTING ATTORNEY**
**FRANKLIN COUNTY, OHIO**

/s/  Timothy A. Lecklider
Timothy A. Lecklider #0022852
Nick A. Soulas, Jr. #0062166
Assistant Prosecuting Attorneys
373 South High Street, 13th Floor
Columbus, Ohio  43215-6318
tlecklider@franklincountyohio.gov
nasoulas@franklincountyohio.gov
(614) 525-3520
FAX (614) 525-6012

## MEMORANDUM IN SUPPORT

**INTRODUCTION**

This Court previously has granted the motion to dismiss filed by the Ohio Attorney General's Office on behalf of Frank LaRose, Ohio Secretary State, and granted the motion to dismiss filed by the Lucas County Prosecutor's Office on behalf of the members of the Lucas County Board of Elections, and granted the motion for judgment on the pleadings filed by the Mahoning County Prosecutor's Office on behalf of the members of the Mahoning County Board of Elections. Memorandum of Opinion and Order (ECF No. 69), filed August 30, 2019, (hereinafter "Opinion and Order"). More recently, this Court granted the motion to dismiss by the Portage County Prosecutor's Office on behalf of the Portage County Board of Elections. Order (ECF No. 77), filed December 31, 2019, (hereinafter "Order").

The Plaintiffs filed this action against several named defendants, including the Franklin County Board of Elections. Plaintiffs named Douglas J. Preisse, Brad K. Sinnott, Kimberly E. Marinello, Michael E. Sexton, in their official capacities as members of the Franklin County Board of Elections.

The Franklin County Board of Elections is named as a defendant in this case for following the provisions contained in O.R.C. §§ 307.94, 307.95, 3501.11(K)(1) and 3501.38 (M)(1)(a). Complaint at ¶¶ 35, 131-140. Plaintiffs' specific allegations directed to the Franklin County Board of Elections pertain to a 2018 initiative petition concerning a proposed ordinance filed with the Board. Two Columbus electors protested the proposed measure and the Franklin County Board of Elections proceeded to examine it in accordance with the statutory provisions pertaining to proposed municipal initiatives. The Franklin Board's examination of the subject petition pursuant to statute previously was addressed by the Ohio Supreme Court in the case of *State ex rel. Bolzenius v. Preisse*, 155 Ohio St. 3d 45, 2018-Ohio-3708.

2

As discussed in *Bolzenius,* a committee was formed to place a "Community Bill of Rights for Water, Soil, and Air Protection" measure on the ballot and they submitted their part-petitions to the Columbus City Clerk on June 26, 2018. After the Franklin County Board of Elections certified a sufficient number of valid signatures to qualify the measure for the ballot, the Columbus City Council, on July 30, 2018, passed an ordinance instructing the elections board to place the initiative petition on the November 2018 ballot. Before the matter was considered by the elections board, two Columbus electors protested the proposed measure, arguing that it did not comply with the Columbus City Charter's requirements for initiative petitions and that it was outside the city's legislative power. The board members agreed with the latter argument and on August 24, 2018, voted to exclude the initiative from the ballot. *Id*. ¶ 4.

A writ of mandamus was denied by the Court, which held that, "[b]ecause Columbus clearly lacks the power to enact the proposed ordinance, we hold that the board members did not abuse their discretion in keeping relators' proposal off the ballot." *Id.* ¶ 13. With respect to the relators' claims that the Franklin Board's decision violated the First Amendment to the United States Constitution and Article I, Section 11 of the Ohio Constitution, the Court went on to hold that, "…there is no evidence suggesting that the board members rejected the initiative petition based on the particular message relators sought to convey." Consequently, "[t]he board members voted to exclude the initiative from the ballot because Columbus lacks the power to create causes of action. That restriction is content-neutral because it applies to all municipal initiative proposals – not just relators' – regardless of the proposal's content." *Id*. ¶ 18.

Plaintiffs alleged eight counts against all originally named Defendants, which included the Franklin County Board of Elections. Five counts raise First Amendment challenges, including alleged facial and as-applied content based restrictions on "core political speech" (Counts 1 & 2),

3

alleged facial and as-applied prior restraint on expressive conduct (Counts 3 & 4), and an alleged Right to Assembly and Petition Clause violations under the First Amendment (Count 5). Plaintiffs alleged a "substantive due process" claim asserting "violation of right to local, community self government" (Count 6). Plaintiffs alleged a Ninth Amendment violation (Count 7) again asserting "violation of right to local, community self government." Plaintiffs also asserted there was an issue against Defendants the federal court could hear concerning their alleged "separation of powers" doctrine under Ohio law argument (Count 8).

The Franklin County Board of Elections followed Ohio's initiative petition review process as it pertains to a proposed municipal ordinance. The statutory provisions applied by the Board are not content based restrictions of core political speech. Ohio's initiative process, which was applied by the Board, is content neutral and does not target core expressive conduct. It does not empower the Franklin County Board of Elections with unfettered discretion. The statutory provisions followed by the Franklin County Board of Elections did not infringe upon any guaranteed right derived from the United States Constitution, nor did the Board's compliance with the Ohio ballot review process "shock the conscience." The Franklin County Board of Elections is an arm of the state.

The Franklin County Board of Elections and its official members named in this complaint respectfully request that all claims against them be dismissed pursuant to Civil Rule 12(B)(1) and Civil Rule 12(B)(6) in light of this Court's Memorandum of Opinion and Order (ECF No. 69), filed August 30, 2019, the Sixth Circuit Court of Appeals' decision *Schmitt v. LaRose*, 933 F.3d 628 (6th Cir. 2019), and this Court's more recent Order (ECF No. 77), filed December 31, 2019.

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 12(b)(6) provides that a case is to be dismissed when there is a failure to state a claim upon which relief may be granted. When a plaintiff raises claims challenging a state's initiative petition process the complaint must articulate constitutional violations. *Taxpayers United for Assessment Cuts v. Austin*, 994 F.2d 291, 295-96 (6th Cir. 1993). The Plaintiffs have failed to state any identifiable and cognizable claim under the United States Constitution.

Plaintiffs' allegations do not involve protected political speech of the nature involved in decisions dealing with the circulation of petitions for proposed initiatives. *Meyer v. Grant*. 486 U.S. 414, 1886 S. Ct. 1886, 100 L.Ed.2d 425 (1988)(the circulation of a petition involves the type of interactive communication concerning political change that is appropriately described as political speech."); *Buckley v. American Constitutional Law Foundation*, 525 U.S. 182, 119 S. Ct. 636, 142 L.Ed.2d 599 (1999). There is no issue in this case concerning the circulation of the 2018 petition for a proposed ordinance in the City of Columbus.

As it relates to the Franklin County Board of Elections, the Plaintiffs' action challenges the application of O.R.C. § 3501.11(K) and O.R.C. § 3501.38(M) whereby a county board of elections determines the validity or invalidity of a petition for a proposed municipal or ordinance. The board's examination proceeded under O.R.C. § 3501.38(M)(1)(a) where the board determines "whether the petition falls within the scope of a municipal political subdivision's authority to enact via initiative," which includes whether the petition conforms with the limitations set forth in Sections 3 and 7 of Article XVIII of the Ohio Constitution, "are not in conflict with general laws," and "whether the petition satisfies the statutory prerequisites to place the issue on the ballot. * * *"

**Counts One, Two, Three, Four and Five**

Ohio election officials must ensure that "only those measures that actually constitute initiatives or referenda actually are placed on the ballot." *State ex rel. Walker v. Husted*, 144 Ohio St.3d 36, 2016-Ohio-3749, 43 N.E.3d 419, ¶ 13 (2016).  "Ohio's ballot-initiative laws * * * do not directly restrict core expressive conduct, rather, the laws regulate the process by which initiative legislation is put before the electorate, which has as its most, a second-order effect on protected speech." *Schmitt v. LaRose,* 963 F.3d 628, 638 (6th Cir. 2019). Ohio's ballot initiative laws have not been subject to strict scrutiny. *Id*. at 639, 641.

Likewise, this Court has determined that "[b]ecause the ballot initiative regulations challenged by Plaintiffs apply and were applied, 'without regard to the subject matter or viewpoint of the initiative to the subject matter or viewpoint of the initiative[,] they are content neutral restrictions." Opinion and Order (ECF No. 69), at page 14 (citation omitted).

"Ballots serve primarily to elect candidates, not as political forums or political expression." *Schmitt,* 963 F.3d 628, 638 quoting *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 363, 117 S. Ct 1364, 137 L.Ed.2d 589 (1997)(citations omitted). The examination of a petition for a proposed charter government by a local board of elections pursuant to statute is not a prior restraint on core expressive conduct. *Id*. Regulations like these are "a step removed from the communicative aspect" of core political speech, and therefore do not involve the same risk of censorship inherent in prior-restraint cases. *Id*. (citation omitted).

When a party raises a First Amendment challenge to a state's statutory provisions setting forth the ballot initiative review process, such challenges may generally be reviewed under the "'*Anderson-Burdick'* framework." *Id*. at 639. Likewise, this Court has determined that, "content-neutral restrictions, in the context of a constitutional challenge to a state's election laws, are subject

6

to the Supreme Court's 'more flexible *Anderson-Burdick* framework[,] derived from the Ohio Supreme Court's holdings in *Anderson v. Celebrezze*, 460 U.S. 780 (1983) and *Burdick v. Takushi*, 504 U.S. 428 (1999) * * * ." Opinion and Order (ECF No. 69), at page 17. The "three step *Anderson-Burdick* framework" is described as follows:

> [W]e 'weigh the character and magnitude of the burden the State's rule imposes on [Plaintiffs' First Amendment] rights against the interests the State contends justify that burden, and consider the extent to which the State's concerns make the burden necessary.' *Timmons*, 520 U.S. at 358, 117 S. Ct. 1364 (citations and internal quotation marks omitted). The first, most critical step is to consider the severity of the restriction. Laws imposing "severe burdens on plaintiffs' rights" are subject to strict scrutiny, but "lesser burdens...trigger less exacting review, and a State's important regulatory interests will usually be enough to justify reasonable, nondiscriminatory restrictions." *Id.* (citations and internal quotation marks omitted). Regulations that fall in the middle "warrant a flexible analysis that weighs the state's interests and chosen means of pursuing them against the burden of the restriction." *Libertarian Party of Ky. v. Grimes*, 835 F.3d 570, 574 (6th Cir. 2016)(citation and internal quotation marks omitted). At the second step, we identify and evaluate the state's interests in and justifications for the regulation. *Id*. The third step requires that we "assess the legitimacy and strength of those interests" and determine whether the restrictions are constitutional. *Id*.

*Schmitt*, 963 F.3d 628, 639.

Ohio's ballot review process "does not severely burden Plaintiffs' rights under the First Amendment to engage in political expression." *Id.* Additionally, Ohio provides for an aggrieved party to seek mandamus review by the Court regarding decisions of state election officials when such officials make determinations that a petition does not fall within the scope of authority to enact via initiative. *Id*. at 639, 640. Since the burden on seeking mandamus review is on the party whose petition was determined not to be within the scope of authority to enact via initiative, *Schmitt* determined that "rational basis" review is not appropriate, rather the review is to be that of the "flexible analysis" put forth in *Anderson-Burdick*. *Id*.

Second, in *Schmitt* the court noted that, [t]he Supreme Court has explained that, in structuring elections, 'states may, and inevitably must, enact reasonable regulations of parties,

elections, and ballots to reduce election-and campaign-related disorder.'" *Id*. at 641 (citations omitted). Also, "states have a strong interest in 'ensuring that its elections are run fairly and honestly,' as well as maintaining the integrity of its initiative process." *Id*. quoting *Taxpayers United for Assessment Cuts v. Austin* (citations omitted). Further, "keeping unauthorized issues of the ballot reduces the odds that an initiative is later held invalid on the ground that the voters exceeded their authority to enact it." *Id.*

Third, Ohio has an interest in guarding against "ballot overcrowding" and safeguarding the integrity of the ballot initiative process. *Id.* As the Sixth Circuit Court of Appeals has held, Ohio's ballot review process is "not unreasonable given the significance of the interests it has in regulating elections." *Id*.

Upon review of motions previously filed in this case, this Court has held that, "[i]n light of the significance of Defendants' interests in regulating the electoral process, and because Plaintiffs have not alleged a sufficiently significant burden on their First Amendment right to overcome these interests, Plaintiffs' First Amendment challenge against Defendant fails". Opinion and Order (ECF No. 69), at pages 16 and 21.

The Franklin County Board of Elections examined the subject petition in accordance with O.R.C. §§ 307.94, 307.95, and 3501.38(M)(1)(a). The Franklin County Board of Elections and its official members respectfully request that Plaintiffs' Counts 1, 2, 3, 4 and 5 against them be dismissed pursuant to Fed. R. Civ. P. 12(B)(6) for there are no claims alleged for which relief may be granted.

**Count 6**

The Franklin County Board of Elections' action of examining the 2018 subject petition in accordance with the statutory provisions did not infringe upon any right of the Plaintiffs that is

8

guaranteed under the First Amendment, nor did the Board engage any conduct whatsoever that "shocks the conscience."

Regarding the substantive due process claim, this Court has considered the question of whether there is a "fundamental right under the constitution" regarding Plaintiffs' assertion of "inherent and fundamental right of local, community self government." This Court discussed that no case recognizing such a right was argued, and that "[n]othing in the Constitution guarantees direct democracy." Opinion and Order (ECF No. 69), at pages 21-22, quoting *Jones v. Markiewicz-Qualkinbush*, 892 F.3d 935, 937 (6th Cir. 2018). This Court noted Plaintiffs are not able to establish that Ohio's petition review process "shock[s] the conscience". Opinion and Order (ECF No. 69), at pages 21-22.

The Franklin County Board of Elections respectfully requests that Plaintiffs' Count 6 against the Franklin County Board of Elections and its official members be dismissed for failure to state a claim upon which relief may be granted.

**<u>Count 7</u>**

Regarding Plaintiffs' Ninth Amendment Claim this Court noted that "'[t]he Ninth Amendment 'does not confer substantive rights in addition to those conferred by . . . governing law.'" Opinion and Order (ECF No. 69), at page 23, quoting *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991). This Court has previously determined that an asserted "right to local, community self government * * * is not a right guaranteed under the United States Constitution."

The Franklin County Board of Elections respectfully requests that Plaintiffs' Count 7 against the Franklin County Board of Elections and its official members be dismissed for failure to state a claim upon which relief may be granted.

**<u>Count 8</u>**

Regarding Plaintiffs' alleged violation of the "separation of powers doctrine" under Ohio Law claim, "[A]ctions brought against the state or an "arm of the state" are subject to the doctrine of sovereign immunity under the Eleventh Amendment.'" Opinion and Order (ECF No. 69), at pages 23-24, quoting *Ernst v. Ris*ing, 427 F.3d 351, 258 (6th Circ. 2005). "The county boards of elections and their members are also arms of the state." *State ex rel. Semik v. Cuyahoga Cty. Bd. of Elections*, 617 N.E.2d 1120, 122 (Ohio 1993). This Court has held that, "The federal courts are simply not open to such state law challenges to official state action, absent explicit state waiver of the federal court immunity found in the Eleventh Amendment." Opinion and Order (ECF No. 69), at page 24, quoting *Experimental Holdings, Inc. v. Far*ris, 503 F.3d 514, 521 (6th Cir. 2007). This Court has previously concluded that no support was provided establishing that the Eleventh Amendment is not applicable to this case, nor any authority supporting that Ohio has waived such immunity for a claim brought under an assertion of this nature.

The Franklin County Board of Elections respectfully requests that Plaintiffs' Count 8 against the Defendant Franklin County Board of Elections and its official members be dismissed pursuant to Federal Civil Rule 12(B)(1) for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, the Franklin County Board of Elections and Douglas J. Preisse, Brad K. Sinnott, Kimberly E. Marinello and Michael E. Sexton respectfully ask this Court to dismiss the Plaintiffs' Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Respectfully submitted,

**RON O'BRIEN**
**PROSECUTING ATTORNEY**
**FRANKLIN COUNTY, OHIO**

/s/  Timothy A. Lecklider
Timothy A. Lecklider #0022852
Nick A. Soulas, Jr. #0062166
Assistant Prosecuting Attorneys
373 South High Street, 13th Floor
Columbus, Ohio  43215-6318
tlecklider@franklincountyohio.gov
nasoulas@franklincountyohio.gov
(614) 525-3520
FAX (614) 525-6012

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the U.S. District Court for the Northern District of Ohio on February 19, 2020. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of this Court's electronic filing system.

/s/  Timothy A. Lecklider
Timothy A. Lecklider #0022852
Assistant Prosecuting Attorney

11