IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO,
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN BEIERSDORFER, *et al*. | : | |
| | : | Case No. 4:19-cv-260 |
| Plaintiffs, | : | |
| | : | JUDGE BENITA Y. PERSON |
| v. | : | |
| | : | |
| FRANK LAROSE, in his official capacity as Secretary of State of Ohio, *et al*. | : | |
| | : | |
| | : | |
| Defendants. | : | |

## MOTION TO DISMISS OF DEFENDANT
## ATHENS COUNTY AND MEIGS COUNTY BOARDS OF ELECTIONS

The Defendant: Helen Walker, Kate McGuckin, Ken Ryan and Aundrea Carpenter-Colvin, in their official capacities as members of the Athens County Board of Elections, and David W. Fox, James V. Stewart, Charles E. Williams, and Paula J. Wood, in their official capacities as members of the Meigs County Board of Election, hereby move that the Plaintiffs' claims against said Defendant(s) be dismissed pursuant to Fed. R. Civ. P. 12(B)(1) and Fed. R. Civ. P. 12(B)(6) for failure to state a claim upon which relief can be granted. This Motion is more fully supported by the attached Memorandum.

                                          Respectfully Submitted,
                                          KELLER J. BLACKBURN
                                          ATHENS COUNTY PROSECUTOR

                                          /s/ Zachary L. Saunders
                                          Zachary L. Saunders, 0088223
                                          Assistant Athens County Prosecutor
                                          1 South Court Street
                                          Athens, Ohio 45701
                                          Tel: (740) 592-3208

Fax: (740) 592-3291
Email: zach@athenscountyprosecutor.org
Attorney for Athens County and Meigs County
Boards of Election

## MEMORANDUM IN SUPPORT

**INTRODUCTION**

This Court has previously granted the motion to dismiss filed by the Ohio Attorney General's Office on behalf of Frank LaRose, Ohio Secretary State, and granted the motion to dismiss filed by the Lucas County Prosecutor's Office on behalf of the members of the Lucas County Board of Elections, and granted the motion for judgment on the pleadings filed by the Mahoning County Prosecutor's Office on behalf of the members of the Mahoning County Board of Elections.  Memorandum of Opinion and Order, Document (ECF No. 69), filed 08/30/19 (hereinafter "Opinion and Order"). More recently, this Court granted the motion to dismiss by the Portage County Prosecutor's Office on behalf of the Portage County Board of Elections. Order (ECF No. 77), filed December 31, 2019, (hereinafter "Order").

The Plaintiffs filed this action against several named defendants, including the Athens County Board of Elections and Meigs County Board of Elections.  Plaintiffs named Helen Walker, Kate McGuckin, Ken Ryan and Aundrea Carpenter-Colvin, in their official capacities as members of the Athens County Board of Elections. Plaintiffs also named David W. Fox, James V. Stewart, Charles E. Williams, and Paula J. Wood, in their official capacities as members of the Meigs County Board of Election.

The Athens County Board of Elections is named as a defendant in this case for following the provisions contained in O.R.C. §§ 307.94, 307.95, and 3501.38 (M)(1)(2). Complaint at ¶¶ 31, 176-189. Plaintiffs' specific allegations directed to the Athens County Board of Elections pertains to a 2017 county charter initiative petition that was filed with and subsequently examined

by the Athens County Board of Elections in accordance with the statutory provisions pertaining to proposed county charter initiatives. The Athens Board's examination of the subject petition pursuant to statute, as well as the Ohio Secretary of State's protest determination pursuant to statute, were previously addressed by the Ohio Supreme in the case of *State ex rel. Coover v. Husted,* 148 Ohio St.3d 332, 2016-Ohio-5794 (2016). The Ohio Supreme Court in *State ex rel. McGinn v. Walker*, 87 N.E.3d 204, 151 Ohio St.3d 199, 2017-Ohio-7714, affirmed the Athens County Board of Elections determination.

The Meigs County Board of Elections is named as a defendant in this case for following the provisions contained in O.R.C. §§ 307.94, 307.95, and 3501.38 (M)(1)(2). Complaint at ¶ ¶ 34, 156-175. Plaintiffs' specific allegations directed to the Meigs County Board of Elections pertains to a 2016 county charter initiative petition that was filed with and subsequently examined by the Meigs County Board of Elections in accordance with the statutory provisions pertaining to proposed county charter initiatives. The Meigs Board's examination of the subject petition pursuant to statute, as well as the Ohio Secretary of State's protest determination pursuant to statute, were previously addressed by the Ohio Supreme in the case of *State ex rel. Coover v. Husted,* 148 Ohio St.3d 332, 2016-Ohio-5794 (2016).

As discussed in *Coover,* a petition for a county charter form of government was filed with the Athens and Meigs County Boards of Elections under Article X, Section 3 of the Ohio Constitution and Section 307.94 of the Ohio Revised Code. *State ex rel. Coover v. Husted,* 148 Ohio St.3d 332, 2016-Ohio-5794 70 N.E.3d 587, ¶ 2 (2016). The respective boards reviewed the petitions and determined the signatures were sufficient but the petitions were rejected as invalid. *Id., ¶* 3. Timely protests were filed pursuant to O.R.C. 307.95(B) and on August 16, 2016, "Secretary Husted issued a single decision denying all three protests and instructing all three

boards not to place the proposed charters on the ballot." *Id.*, ¶ 4. A writ of mandamus was denied by the Court, which held that, "[t]he Secretary of state and county boards of elections did not violate relators' First Amendment rights by examining petitions to determine whether they included information required to constitute a valid charter initiative." *Id.*

In 2017, Athens County Board of Elections declined to certify a petition for a county charter to the ballot. The Ohio Supreme Court in *McGinn* acknowledged changes to Ohio law, which petitioners "preemptively" challenged, and that "purported to expand the review authority of county elections boards, specifically in regard to county-charter petitions. *McGinn*, at ¶ 11. The Court found that the Athens County proposed charter was "nearly indistinguishable from the language we rejected in *Walker* and *Coover*." *Id*, at ¶ 16. The Court held that the boards were justified in finding the petitions invalid and further did not address petitioners' remaining arguments has the initial issue was considered dispositive. *Id*. at ¶ 24.

Plaintiffs alleged eight counts against all originally named Defendants, which included the Athens and Meigs County Boards of Elections. Five counts raise First Amendment challenges, including alleged facial and as-applied content based restrictions on "core political speech" (Counts 1 & 2), alleged facial and as-applied prior restraint on expressive conduct (Counts 3 & 4), and an alleged Right to Assembly and Petition Clause violations under the First Amendment (Count 5). Plaintiffs alleged a "substantive due process" claim asserting "violation of right to local, community self government" (Count 6). Plaintiffs alleged a Ninth Amendment violation (Count 7) again asserting "violation of right to local, community self government." Plaintiffs also asserted there was an issue against Defendants the federal court could hear concerning their alleged "separation of powers" doctrine under Ohio law argument (Count 8).

The Athens and Meigs County Boards of Elections followed Ohio's initiative petition review process as it pertains to a proposed charter form of government. The statutory provisions applied by the Board are not content based restrictions of core political speech. Ohio's initiative process, which was applied by the Board, is content neutral and does not target core expressive conduct. It does not empower the Athens and Meigs County Boards of Elections with unfettered discretion. The statutory provisions followed by the Athens and Meigs County Boards of Elections did not infringe upon any guaranteed right derived from the United States Constitution, nor did the Boards' compliance with the Ohio ballot review process "shock the conscience." The Athens and Meigs County Boards of Elections is an arm of the state.

The Athens and Meigs County Boards of Elections and its official members named in this complaint respectfully request that all claims against them be dismissed pursuant to Civil Rule 12(B)(1) and Civil Rule 12(B)(6) in light of this Court's Memorandum of Opinion and Order filed August 30, 2019, and the Sixth Circuit Court of Appeals' decision *Schmitt v. LaRose*, 933 F.3d 628 (6th Cir. 2019).

## LAW AND ARGUMENT

Federal Rule of Civil Procedure 12(b)(6) provides that a case is to be dismissed when there is a failure to state a claim upon which relief may be granted. When a plaintiff raises claims challenging a state's initiative petition process the complaint must articulate constitutional violations. *See Taxpayers United for Assessment Cuts v. Austin*, 994 F.2d 291, 295-96 (6th Cir. 1993). The Plaintiffs have failed to state any identifiable and cognizable claim under the United States Constitution.

Plaintiffs' allegations do not involve protected political speech of the nature involved in decisions dealing with the circulation of petitions for proposed initiatives. *Meyer v. Grant*. 486

5

U.S. 414, 1886 S.CT. 1886, 100 L.Ed.2d 425 (1988) (the circulation of a petition involves the type of interactive communication concerning political change that is appropriately described as political speech."); *See also Buckley v. American Constitutional Law Foundation*, 525 U.S. 182, 119 S. Ct. 636,142 L.Ed.2d 599 (1999). There is no issue in this case concerning the circulation of the 2016 and 2017 petitions for a proposed county charter form of government in Athens and Meigs County.

As it relates to the Athens and Meigs County Boards of Elections, the Plaintiffs' action challenges the application of O.R.C. 307.94 and O.R.C. 307.95 whereby a county board of elections determines the validity or invalidity of a petition for a county charter form of government initiative. The boards' examination proceeded under O.R.C. 3501.38(M)(1)(b) where the board determines "whether the petition falls within the scope of authority to enact via initiative," which includes "whether the petition conforms to the requirements set forth in Section 3 of Article X of the Ohio Constitution, including the exercise of only those powers vested in, and the performance of those duties imposed upon counties and county officers by law," and also "whether the petition satisfies the statutory prerequisites to place the issue on the ballot. * * * "

**Counts One, Two, Three, Four and Five**

Ohio election officials must ensure that "only those measures that actually constitute initiatives or referenda actually are placed on the ballot." *State ex rel. Walker v. Husted*, 144 Ohio St.3d 36, 2016-Ohio-3749, 43 N.E.3d 419, ¶ 13 (2016). "Ohio's ballot-initiative laws * * * do not directly restrict core expressive conduct, rather, the laws regulate the process by which initiative legislation is put before the electorate, which has as its most, a second-order effect on protected speech." *Schmitt v. LaRose,* 963 F.3d 628, 638 (6th Cir. 2019). Ohio's ballot initiative laws have not been subject to strict scrutiny. *Id*. at 639, 641.

6

Likewise, this Court has determined that "[b]ecause the ballot initiative regulations challenged by Plaintiffs apply and were applied, 'without regard to the subject matter or viewpoint of the initiative to the subject matter or viewpoint of the initiative[,] they are content neutral restrictions." Opinion and Order at page 14 (citation omitted).

"Ballots serve primarily to elect candidates, not as political forums or political expression." *Schmitt,* 963 F.3d 628, 638 quoting *Timmons v. Twin Cities Area New Party*, 520 U.S. 351, 363, 117 S.Ct 1364, 137 L.Ed.2d 589 (1997) (citations omitted). The examination of a petition for a proposed charter government by a local board of elections pursuant to statute is not a prior restraint on core expressive conduct. *See Id*. Regulations like these are "a step removed from the communicative aspect" of core political speech, and therefore do not involve the same risk of censorship inherent in prior-restraint cases. *Id*. (citation omitted).

When a party raises a First Amendment challenge to a state's statutory provisions setting forth the ballot initiative review process, such challenges may generally be reviewed under the "'*Anderson-Burdick'* framework." *Id*. at 639. Likewise, this Court has determined that, "content-neutral restrictions, in the context of a constitutional challenge to a state's election laws, are subject to the Supreme Court's 'more flexible *Anderson-Burdick* framework[,] derived from the Ohio Supreme Court's holdings in *Anderson v. Celebrezze*, 460 U.S. 780 (1983) and *Burdick v. Takushi*, 504 U.S. 428 (1999) * * * ." Opinion and Order at page 17. The "three step *Anderson-Burdick* framework" is described as follows:

> [W]e 'weigh the character and magnitude of the burden the State's rule imposes on [Plaintiffs' First Amendment] rights against the interests the State contends justify that burden, and consider the extent to which the State's concerns make the burden necessary.' *Timmons*, 520 U.S. at 358, 117 S. Ct. 1364 (citations and internal quotation marks omitted). The first, most critical step is to consider the severity of the restriction. Laws imposing "severe burdens on plaintiffs' rights" are subject to strict scrutiny, but "lesser

7

>burdens...trigger less exacting review, and a State's important regulatory interests will usually be enough to justify reasonable, nondiscriminatory restrictions." *Id*. (citations and internal quotation marks omitted). Regulations that fall in the middle "warrant a flexible analysis that weighs the state's interests and chosen means of pursuing them against the burden of the restriction." *Libertarian Party of Ky. v. Grimes*, 835 F.3d 570, 574 (6th Cir. 2016)(citation and internal quotation marks omitted). At the second step, we identify and evaluate the state's interests in and justifications for the regulation. *Id*. The third step requires that we "assess the legitimacy and strength of those interests" and determine whether the restrictions are constitutional. *Id*.

*Schmitt*, 963 F.3d 628, 639.

Ohio's ballot review process "does not severely burden Plaintiffs' rights under the First Amendment to engage in political expression." *Id.* Additionally, Ohio provides for an aggrieved party to seek mandamus review by the Court regarding decisions of state election officials when such officials make determinations that a petition does not fall within the scope of authority to enact via initiative. *Id*. at 639, 640.  Since the burden on seeking mandamus review is on the party whose petition was determined not to be within the scope of authority to enact via initiative, *Schmitt* determined that "rational basis" review is not appropriate, rather the review is to be that of the "flexible analysis" put forth in *Anderson-Burdick*. *Id*.

Second, in *Schmitt* the court noted that, [t]he Supreme Court has explained that, in structuring elections, 'states may, and inevitably must, enact reasonable regulations of parties, elections, and ballots to reduce election-and campaign-related disorder.'" *Id*. at 641 (citations omitted).  Also, "states have a strong interest in 'ensuring that its elections are run fairly and honestly,' as well as maintaining the integrity of its initiative process." *Id*. quoting *Taxpayers United for Assessment Cuts v. Austin* (citations omitted).  Further, "keeping unauthorized issues of the ballot reduces the odds that an initiative is later held invalid on the ground that the voters exceeded their authority to enact it." *Id.*

8

Third, Ohio has an interest in guarding against "ballot overcrowding" and safeguarding the integrity of the ballot initiative process. *Id.* As the Sixth Circuit Court of Appeals has held, Ohio's ballot review process is "not unreasonable given the significance of the interests it has in regulating elections." *Id*.

Upon review of motions previously filed in this case, this Court has held that, "[i]n light of the significance of Defendants' interests in regulating the electoral process, and because Plaintiffs have not alleged a sufficiently significant burden on their First Amendment right to overcome these interests, Plaintiffs' First Amendment challenge against Defendant fails". Opinion and Order at pages 16 and 21.

The Athens and Meigs County Boards of Elections examined the subject petition in accordance with O.R.C. ¶ ¶ 307.94, 307.95 & 3501.38(M)(1)(2). The Athens and Meigs County Boards of Elections and its official members respectfully request that Plaintiffs' Counts 1, 2, 3, 4, 5 against them be dismissed pursuant to Fed. R. Civ. P. 12(B)(6) for there are no claims alleged for which relief may be granted.

**Count 6**

The Athens and Meigs County Boards of Elections' action of examining the 2016 and 2017 subject petitions in accordance with the statutory provisions did not infringe upon any right of the Plaintiffs that is guaranteed under the First Amendment, nor did the Board engage any conduct whatsoever that "shocks the conscience."

Regarding the substantive due process claim, this Court has considered the question of whether there is a "fundamental right under the constitution" regarding Plaintiffs' assertion of "inherent and fundamental right of local, community self government." This Court discussed that no case recognizing such a right was argued, and that "[n]othing in the Constitution guarantees

9

direct democracy." Opinion and Order at pages 21-22, quoting *Jones v. Markiewicz-Qualkinbush*, 892 F.3d 935, 937 (6th Cir. 2018). This Court noted Plaintiffs are not able to establish that Ohio's petition review process "shock[s] the conscience". Opinion and Order at pages 21-22.

The Athens and Meigs County Boards of Elections respectfully requests that Plaintiffs' Count 6 against the Athens and Meigs County Boards of Elections and its official members be dismissed for failure to state a claim upon which relief may be granted.

**Count 7**

Regarding Plaintiffs' Ninth Amendment Claim this Court noted that "'[t]he Ninth Amendment 'does not confer substantive rights in addition to those conferred by . . . governing law.'" Opinion and Order at page 23, quoting *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991). This Court has previously determined that an asserted "right to local, community self government * * * is not a right guaranteed under the United States Constitution."

The Athens and Meigs County Boards of Elections respectfully requests that Plaintiffs' Count 7 against the Athens and Meigs County Boards of Elections and its official members be dismissed for failure to state a claim upon which relief may be granted.

**Count 8**

Regarding Plaintiffs' alleged violation of the "separation of powers doctrine" under Ohio Law claim, "[A]ctions brought against the state or an "arm of the state" are subject to the doctrine of sovereign immunity under the Eleventh Amendment.'" Opinion and Order at pages 23, 24, quoting *Ernst v. Ris*ing, 427 F.3d 351, 258 (6th Circ. 2005). "The county boards of elections and their members are also arms of the state." *State ex rel. Semik v. Cuyahoga Cty. Bd. of Elections*, 617 N.E.2d 1120, 122 (Ohio 1993). This Court has held that, "The federal courts are simply not open to such state law challenges to official state action, absent explicit state waiver of the federal

court immunity found in the Eleventh Amendment." Opinion and Order at page 24, quoting *Experimental Holdings, Inc. v. Far*ris, 503 3d 514, 521 (6th Cir. 2007).  This Court has previously concluded that no support was provided establishing that the Eleventh Amendment is not applicable to this case, nor any authority supporting that Ohio has waived such immunity for a claim brought under an assertion of this nature.

The Athens and Meigs County Boards of Elections respectfully requests that Plaintiffs' Count 8 against the Defendants Athens and Meigs County Boards of Elections and its official members be dismissed pursuant to Federal Civil Rule 12(B)(1) for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons put forth above, the Athens County Board of Elections and Helen Walker, Kate McGuckin, Ken Ryan and Aundrea Carpenter-Colvin as well as the Meigs County Board of Elections and David W. Fox, James V. Stewart, Charles E. Williams, and Paula J. Wood respectfully ask this Court to dismiss the Plaintiffs' Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

    Respectfully Submitted,
    KELLER J. BLACKBURN
    ATHENS COUNTY PROSECUTOR

    /s/ Zachary L. Saunders
    Zachary L. Saunders, 0088223
    Assistant Athens County Prosecutor
    1 South Court Street
    Athens, Ohio 45701
    Tel: (740) 592-3208
    Fax: (740) 592-3291
    Email: zach@athenscountyprosecutor.org
    Attorney for Athens County and Meigs County
    Boards of Election

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed with the U.S. District for the Northern District of Ohio on March 3, 2020. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of this Court's electronic filing system.

/s/ Zachary L. Saunders
Zachary L. Saunders, 0088223
Assistant Athens County Prosecutor