PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SUSAN BEIERSDORFER, *et al.,* | ) | CASE NO. 4:19-CV-260 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| FRANK LAROSE, *et al*., | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF Nos. 78, 79, 80] |

Defendants Douglas J. Preisse, Brad K. Sinnott, Kimberly E. Marinello, and Michael E.

Sexton in their official capacities as members of the Franklin County Board of Elections, filed a

Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 78.  Defendants Helen Walker,

Kate McGuckin, Ken Ryan and Aundrea Carpenter-Colvin in their official capacities as members

of the Athens County Board of Elections, and David W. Fox, James V. Stewart, Charles E.

Williams, and Paula J. Wood in their official capacities as members of the Meigs County Board

of Elections also filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 79.

Defendants Pamela B. Miller, Larry G. Cray, John V. Welker, Jr., and Sharon A. Ray (now

Charles E. Calvert) in their official capacities as members of the Medina County Board of

Elections filed a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c).  ECF

No. 80.  Plaintiffs have responded.  ECF Nos. 84, 85, 86.  Defendants did not reply and the time

to do so has passed.

For the following reasons, the Court grants the motion to dismiss filed by the Franklin

County Board of Elections (ECF No. 78), the motion to dismiss filed by the Athens County

(4:19CV260)

Board of Elections and Meigs County Board of Elections (ECF No. 79), and the motion for

judgment on the pleadings filed by the Medina County Board of Elections (ECF No. 80).

## I. Background

### A. Procedural Posture

Plaintiffs filed this action against several named Defendants, alleging eight counts. ECF
No. 1. Five counts raise First Amendment challenges, including facial and as-applied content
based restrictions on "core political speech" (Counts 1 & 2), facial and as-applied prior restraint
on expressive conduct (Counts 3 & 4), and Right to Assembly and Petition Clause violations
under the First Amendment (Count 5). Plaintiffs also allege a Substantive Due Process claim
asserting "violation of right of local, community self-government" (Count 6); a Ninth
Amendment violation (Count 7) of the right to "local, community self-government;" and
violation of the Separation of Powers doctrine under Ohio law (Count 8). Plaintiffs seek
declaratory judgment and preliminary and permanent injunctive relief against all Defendants.
ECF No. 1 at PageID #: 62.

In the Memorandum of Opinion and Order (ECF No. 69) resolving motions to dismiss
filed by Defendants Frank LaRose (ECF No. 38) and the Mahoning County Board of Elections
(ECF No. 22), and a motion for judgment on the pleadings filed by the Lucas County Board of
Elections (ECF No. 5), the Court dismissed all counts against those parties. In the Memorandum
of Opinion and Order (ECF No. 77) resolving a motion to dismiss filed by Defendant Portage
County Board of Elections, the Court dismissed all counts against that party.

The remaining Defendants Franklin County Board of Elections, Athens County Board of
Elections, Meigs County Board of Elections, and Medina County Board of Elections request that
the Court dismiss all claims against them. ECF Nos. 78, 79, 80.

(4:19CV260)

**B. Ohio's Initiative Process**

**1. County Charter**

Ohio permits its citizens to pass laws through an initiative process. This includes the power to enact a county charter. Ohio Const. art. X, § 3. Electors of a county may commence the initiative process by filing a county charter petition with the board of elections or the board of county commissioners. O.R.C. § 307.94. Either way, the board of elections is responsible for reviewing the petition to "determine whether the petition and the signatures on the petition meet the requirements of law[.]" *Id.*; O.R.C. § 307.95(A). "The petition shall be invalid if any portion of the petition is not within the initiative power." O.R.C. §§ 3501.11(K)(2), 3501.38(M)(1)(a), 3501.39(A)(3). Upon making its determination, the board of elections is required to submit a report to the board of county commissioners. O.R.C. §§ 307.94, 307.95(A). If the petition does not meet the requirements of law, the board of elections' report must provide "the reasons for invalidity." O.R.C. §§ 307.94, 307.95(A).

The board of elections' findings of the validity or invalidity of a county charter petition may be challenged through a written protest, filed with the board of elections.[1] O.R.C. § 307.95(B). The board of elections must deliver or mail to the secretary of state each protest received. *Id.* at § 307.95(B)-(C). The secretary of state must "determine . . . the validity or invalidity of the petition," including whether the petition is within the initiative power. *Id.* at § 307.95(C). "The determination by the secretary of state is final." *Id.*

---

[1] Additionally, if a petition is initially filed with the board of elections, and the board of elections certifies that the petition is invalid, the petitioners' committee may request that the board of elections establish the validity or invalidity of the petition in an action before the court of common pleas in the county. O.R.C. § 307.94.

(4:19CV260)

### 2. Municipal Ordinance

Electors may also enact municipal ordinances through the initiative process. This power is limited to "all questions which such municipalities may now or hereafter be authorized by law to control by legislative action[.]" Ohio Const., art. II, § 1f. Like with county charter petitions, a board of elections must determine whether a proposed ordinance "falls within the scope of a municipal political subdivision's authority to act via initiative" and whether "the petition satisfies the statutory prerequisites to place the issue on the ballot. O.R.C. § 3501.38(M)(1)(a). "The petition shall be invalid if any portion of the petition is not within the initiative power." *Id.* at §§ 3501.11(K)(2), 3501.38(M)(1)(a), 3501.39(A)(3).

### C. Plaintiffs' Allegations

#### 1. Against the Franklin County Board of Elections

Plaintiffs Gregory Pace and William Lyons are residents of Franklin County and members of the Columbus Community Rights Group. ECF No. 1 at PageID #: 32. In 2018, the Columbus Community Rights Group submitted petitions in support of placement of a proposed ordinance on the ballot, titled "Community Bill of Rights for Water, Soil, and Air Protection and to Prohibit Gas and Oil Extraction and Related Activities and Projects" ("Columbus BOR"). *Id.*

The proposed ordinance declared that Columbus citizens possess rights to local, community self-government, potable water, clean air, safe soil, peaceful enjoyment of home, freedom from toxic trespass, and a sustainable energy future. *Id.* The proposed ordinance also called for the regulation of oil and gas extraction. *Id.* at PageID #: 33. After certifying a sufficient number of signatures to qualify the proposed ordinance for the ballot, the Franklin County Board of Elections voted 4-0 to reject the Columbus BOR as invalid, reasoning that the proposed ordinance fell outside the scope of a political subdivision's authority to enact. *Id.*

(4:19CV260)

Plaintiffs sought a writ of mandamus from the Ohio Supreme Court to compel the board

members to certify the proposed ordinance for placement on the ballot.  *Id*.  The Ohio Supreme

Court denied the writ of mandamus, finding that the Franklin County Board of Elections

appropriately exercised its discretion in keeping the proposal off of the ballot.  *State ex rel.*

*Bolzenius v. Preisse*, 119 N.E.3d 358, 362 (Ohio 2018).

### 2. Against the Athens County Board of Elections

Plaintiffs Saraquoia Bryant and Sally Jo Wiley are residents of Athens County and

members of the Athens Community Bill of Rights Committee.  ECF No. 1 at PageID #: 42.  In

2015, the Athens Community Bill of Rights Committee proposed a county charter which

contained prohibitions on hydraulic fracturing ("fracking") and waste injection.  *Id.*  The Athens

County Board of Elections refused to place the proposed county charter on the ballot.  *Id*.

Plaintiffs filed a timely protest with then Secretary Husted.  ECF No. 1 at PageID #: 42.  On

August 13, 2015, Secretary Husted issued a decision denying the protest, instructing the Athens

County Board of Elections not to place the proposed charter on the ballot.  *Id*. at PageID #: 43.

Secretary Husted found that the proposed charter failed to provide for the election and

appointment of a county executive.  ECF No. 1 at PageID #: 42.  He also determined that the

State of Ohio had pre-emptive authority to regulate oil and gas operations in Ohio.  *Id*.  Plaintiffs

sought a writ of mandamus in the Ohio Supreme Court to compel the Board of Elections to place

the proposed charter on the ballot.  *Id*.  The Ohio Supreme Court denied the writ, finding the

proposed charter to be invalid.  *State ex rel. Walker v. Husted*, 43 N.E.3d 419, 422-23 (Ohio

2015).

Plaintiffs allege that in 2016 and 2017, the Athens County Board of Elections again

refused to certify the proposed charter.  On both occasions the Ohio Supreme Court denied

(4:19CV260)

Plaintiffs' writ of mandamus, finding that the proposed charter exceeded the county's authority to enact. *See State ex rel. Coover*, 70 N.E.3d 587, 589 (Ohio 2016); *State ex rel. McGinn v. Walker*, 87 N.E.3d 204, 206 (Ohio 2017).

### 3. Against the Meigs County Board of Elections

Plaintiff Greg Howard is a resident Meigs County and a member of the Meigs County Home Rule Committee. ECF No. 1 at PageID #: 38. In 2016, the Meigs County Home Rule Committee circulated a petition proposing the adoption of a county charter for Meigs County. The proposed charter included provisions that would have prevented fracking and implemented water protections. *Id*. at PageID #: 38. Upon certification of the proposed charter, on August 15, 2016, Secretary Husted issued a decision denying the proposed charter as invalid and instructing the Meigs County Board of Elections not to place it on the ballot. *Id*. at PageID #: 39. Secretary Husted reasoned the proposed charter did not provided for appropriate county executive powers. *Id*. at PageID #: 40.

Plaintiffs sought a writ of mandamus in the Ohio Supreme Court to compel the Board of Elections to place the proposed charter on the ballot. *Id*. Plaintiffs claimed that pre-election examination of the proposed charter's content violated their constitutional rights. *See State ex rel. Coover*, 70 N.E.3d at 589. The Ohio Supreme Court denied the writ, finding the proposed charter was "merely examined" to determine whether it "met the threshold requirements for inclusion on the ballot." *Id*. at 590.

### 4. Against the Medina County Board of Elections

Plaintiffs Katharine S. Jones and Gerald Dolcini are residents of Medina County and members of Sustainable Medina County. ECF No. 1 at PageID #: 44. In 2015, 2016, and 2017, Sustainable Media County submitted petitions to convert the Medina County government to a

(4:19CV260)

charter form.  *Id*. at PageID #: 45.  The proposed charters contained provisions creating rights of

nature, prohibiting fracking and injection wells, and banning commercial gas transport pipelines

from traversing Medina County.  *Id*. at PageID #: 44-45.

In 2015, the Medina County Board of Elections certified the measure to Secretary Husted

who subsequently invalidated the proposed charter on the grounds that it did not provide an

adequate description of the form of proposed county government.  *Id*. at PageID #: 46.  Plaintiffs

sought a writ of mandamus in the Ohio Supreme Court to compel the Board of Elections to place

the proposed charter on the ballot.  *Id*. at PageID #: 45.  The Ohio Supreme Court denied the

writ, finding Secretary Husted did not abuse his discretion in determining that the proposed

county charter failed to set forth the proper form of government.  *State ex rel. Walker v. Husted*,

43 N.E.3d at 422.

In 2016, the Medina County Board of Elections tied 2-2 over the issue of whether to

certify the proposed charter to the November 2016 ballot.  In resolving the split decision,

Secretary Husted denied the proposed charter on the basis that it did not provide for the

performance of executive duties.  ECF No. 1 at PageID #: 46.  Plaintiffs sought a writ of

mandamus with the Ohio Supreme Court.  The Ohio Supreme Court denied the writ, finding

Plaintiffs failed to pursue an appropriate remedy through formal protest of the board's decision or

a request that the board bring an action in common pleas court.  *Id*. at PageID #: 46-47; *see also*

*State ex rel*. *Jones v. Husted*, 65 N.E.3d 733, 736 (Ohio 2016).

In 2017, the Medina County Board of Elections voted 3-1 against certification of the

proposed charter, finding that it fell outside the county's authority to act.  ECF No. 1 at PageID #:

47.  Plaintiffs filed a timely protest with Secretary Husted.  *Id*.  On August 1, 2017, Secretary

Husted declined to rule on the protest, finding Plaintiffs were precluded from further protest of

(4:19CV260)

the measure because the common pleas court in Medina County had affirmed the decision of the

Medina County Board of Elections.  *Id*.  Plaintiffs sought a writ of mandamus in the Ohio

Supreme Court to compel the Board of Elections to place the proposed charter on the ballot.  *Id*.;

*see also State ex rel. McGinn v. Walker*, 87 N.E.3d at 206.  The Ohio Supreme Court denied the

writ, finding that the Board of Elections appropriately excluded the proposed charter from the

ballot because it did not provide for the exercise of all powers and duties imposed on counties

and county officers by law.  *See State ex rel. McGinn v. Walker*, 87 N.E.3d at 209.

Plaintiffs aver that absent a court order protecting Plaintiffs' constitutional rights,

Defendants and Ohio's ballot access scheme "will continue to unlawfully interfere with

Plaintiffs' constitutional rights and violate the separation of powers."  ECF No. 1 at PageID #:

34, 41, 44, 49.

## II.  Standards of Review

### A.  Motion to Dismiss

To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a plaintiff's complaint must

allege enough facts to "raise a right to relief above the speculative level."  *Ass'n of Cleveland*

*Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Fed. R. Civ. P. 8(a)(2) requires only that a

pleading contain "a short and plain statement of the claim showing that the pleader is entitled to

relief."  However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do."  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286

(1986)).  A complaint requires "further factual enhancement," which "state[s] a claim to relief

that is plausible on its face."  *Id*. at 557, 570.  A claim has facial plausibility when there is

(4:19CV260)

enough factual content present to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a claim lacks "plausibility in th[e] complaint," that cause of action fails to state a claim upon which relief can be granted. *Twombly*, U.S. 550 at 564.

### B. Motion for Judgment on the Pleadings

The procedural standard for determining a judgment on the pleadings under Fed. R. Civ. P. 12(c) is indistinguishable from the standard of review for dismissals based on failure to state a claim under Fed. R. Civ. P. 12(b)(6). *U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*, 342 F.3d 634, 643 (6th Cir. 2003); *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001) (citing *Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999)). In deciding a motion for judgment on the pleadings under Rule 12(c), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010).

### C. Lack of Subject Matter Jurisdiction

When a party files a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P.12(b)(1) in conjunction with other Rule 12 motions, the court generally considers the Rule 12(b)(1) motion first. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction[.]"). "It is the plaintiff's burden . . . to prove that this court has jurisdiction over [the plaintiff's] claim." *Kiser v. Reitz*, 765 F.3d 601, 607 (6th Cir. 2014). "[When] a defendant argues that the plaintiff has not alleged sufficient facts in her

(4:19CV260)

complaint to create subject matter jurisdiction, the trial court takes the allegations in the complaint as true." *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003).

### III. Analysis

Defendants contend that Plaintiffs' First Amendment claims, substantive due process claim, and Ninth Amendment claim fail to state a plausible claim for relief. ECF No. 78 at PageID #: 935; ECF No. 79 at PageID #: 947; ECF No. 80 at PageID #: 963. Additionally, Defendants assert that Plaintiffs' state law separation of powers claim is barred under the Eleventh Amendment and that the Court should dismiss the claim for lack of subject matter jurisdiction. ECF No. 78 at PageID #: 937; ECF No. 79 at PageID #: 949; ECF No. 80 at PageID #: 966.

### A. Plaintiffs' First Amendment Claims

Counts 1 and 2 of the Complaint allege that Ohio's pre-screening ballot procedure is a content-based restriction on core political speech and the right to vote. ECF No. 1 at PageID #: 51-53. Specifically, Plaintiffs aver that "pre-enactment review" by election officials and the judiciary "violates voters' fundamental right to vote, and inhibits citizens from reforming or altering their current form of government." *Id*. at PageID #: 52. Counts 3 and 4 allege that Ohio's pre-screening ballot procedure "impose[s] severe burdens and unreasonable restrictions on ballot access" and is therefore a prior restraint on core political speech. *Id.* at PageID #: 53-55. Plaintiffs also bring, under Count 5, a First Amendment claim alleging a violation of their right to assembly and to petition the government for redress of grievances. *Id.* at PageID #: 55-56.

The Court has found Ohio's ballot initiative laws to be content neutral. ECF No. 69 at PageID #: 630. The Court also held that Ohio's ballot initiative process does not function as a

(4:19CV260)

prior restraint on initiative proponents' free speech rights, nor does it severely burden initiative proponents' rights to engage in political expression.  *See id.* at PageID #: 631 ("Ohio's ballot-initiative process does not empower the county boards of election with unfettered discretion over determining whether to certify an initiative petition.").  Ohio's ballot laws regulate only "the process by which initiative legislation is put before the electorate." *Id*. at PageID #: 630. Furthermore, the Court has recognized that the State of Ohio maintains "significant interests" in regulating elections and safeguarding the "integrity and reliability of the initiative process." *Id*. at PageID #: 636.  After balancing the State of Ohio's interests against Plaintiffs' First Amendment Rights, the Court found that any such burden on Plaintiffs' First Amendment rights is justified.  *Id*. at PageID #: 634-37.

### 1. Franklin County Board of Elections

The Franklin County Board of Elections examined Plaintiffs' proposed ordinance and found that it exceeded the scope of the county's authority to enact.  Their decision to keep the ordinance off of the ballot was affirmed by the Ohio Supreme Court in its denial of Plaintiffs' writ of mandamus.  *See State ex rel. Bolzenius v. Preisse*, 119 N.E.3d at 362 (finding the Franklin County Board of Elections "did not abuse their discretion in keeping [the] proposal off the ballot" as "Columbus clearly lacks the power to enact the proposed ordinance.").

While Plaintiffs were prevented from placing the Columbus BOR ordinance on the ballot, the record suggests that the ordinance exceeded the scope of legislative authority.  Keeping unauthorized issues off of the ballot "reduces the odds that an initiative is later held invalid on the ground that the voters exceeded their authority to enact it." ECF No. 69 at PageID #: 635 (citing *Schmitt v. LaRose*, 933 F.3d 628, 641 (6th Cir. 2019)); *see also Walker v. Husted*, 43

(4:19CV260)

N.E.3d at 422 (finding Ohio's boards of elections have not only the discretion but an "affirmative duty" to keep items constituting a legal nullity off the ballot).

As Plaintiffs have not been burdened with "virtual exclusion from the ballot," their First Amendment claims do not contain facial plausibility required to survive a Rule 12(b)(6) motion to dismiss. *Schmitt*, 933 F.3d at 639. Accordingly, Plaintiffs' First Amendment challenges (Counts 1-5) against Defendant Franklin County Board of Elections are dismissed.

### 2. Athens and Meigs County Board of Elections

Plaintiffs allege that the Athens County Board of Elections and Meigs County Board of Elections unconstitutionally excluded Plaintiffs' proposed county charters from the ballot. The proposed charters, if passed, would have minimized or eliminated fracking. *See* ECF No. 1 at PageID #: 38-44.

The record reveals that the Athens County Board of Elections and Meigs County Board of Elections examined the proposed county charters in accordance with Ohio state law, ultimately finding that the proposals were insufficient to provide for appropriate executive powers. *See State ex rel. Walker v. Husted*, 43 N.E.3d at 422 (finding the proposed county charters for Athens County did not did not set forth the necessary form of government); *State ex rel. Coover*, 70 N.E.3d at 591 (noting that by "forcing one to 'look to sources outside the proposed charter[] to determine the form of government they purport[ed] to establish. . . [Plaintiffs] [did] not satisfy the legal prerequisites'" to put the Meigs County charter on the ballot). The Athens County Board of Elections and Meigs County Board of Elections reasonably determined that language in the proposed charters was insufficient. As the proposed charters did not provide for the appropriate powers of county government, they each amounted to a "legal nullity" and were appropriately excluded. *Schmitt*, 933 F.3d at 635.

(4:19CV260)

Plaintiffs cannot show that Defendants did anything other than keep unauthorized issues off of the ballot in accordance with state law.  Accordingly, Plaintiffs' First Amendment challenges (Counts 1-5) against Defendants Athens County Board of Elections and Meigs County Board of Elections are dismissed.

### 3.  Medina County Board of Elections

Plaintiffs allege that Defendant Medina County Board of Elections has violated Plaintiffs' authority to "initiate, vote on, and enact into law a proposal on any subject."  ECF No. 86 at PageID #: 1050.  Plaintiffs specifically dispute Defendant's ability to strike down its petition to convert the Medina County government into a charter form containing prohibitions on fracking and gas transport pipelines.  *Id*. at PageID #: 1052 (alleging the Medina County Board of Elections is permitted to "sniff out content[] within an initiative that would change or counter pre-existing law and then, [] utter a subjective value judgment" in the form of a vote against the petition).

The record reveals Plantiffs' proposed charter was appropriately excluded from the ballot by Defendants.  The proposed charter, as submitted, did not provide for the exercise of all powers and all duties guaranteed to the local government.[2]  *See also State ex rel. McGinn v. Walker*, 87 N.E.3d 204, 206 (Ohio 2017) (affirming the Medina County Board of Elections' decision to not place Plaintiffs' proposed charter on the ballot).  The Medina County Board of Elections' aim was to "determine whether the petition and the signatures on the petition me[t] the requirements of law[.]"  O.R.C. § 307.95(A).

---

[2] "If a petition 'falls outside the scope of authority to enact via initiative or does not satisfy the statutory prerequisites to place the issue on the ballot,' neither the board of elections nor the Ohio Secretary of State may accept the initiative."  *Schmitt*, 933 F.3d at 635 (quoting the Ohio Revised Code § 3501.39(A)(3)).

(4:19CV260)

Plaintiffs have not demonstrated that they were altogether excluded from the ballot.  *See*

*Schmitt*, 933 F.3d at 639.  Rather, Plaintiffs have been restricted from placing on the ballot, a

proposed charter which did not satisfy statutory prerequisites.  Accordingly, Plaintiffs' First

Amendment challenges (Counts 1-5) against Defendant Medina County Board of Elections are

dismissed for failure to demonstrate entitlement to relief.

**B.  Plaintiffs' Fourteenth Amendment Substantive Due Process Claim**

Plaintiffs assert that Defendants have infringed upon their fundamental right to "local,

community self-government."  ECF No. 1 at PageID #: 56.  Plaintiffs point to the 1912 Ohio

Constitutional Convention and a 1912 amendment of the Ohio Constitution--which added

initiative and referendum powers--in support of their arguments.  Plaintiffs allege that since the

early twentieth century, the people of Ohio have had the authority to enact new laws through the

initiative process and therefore, the "political discourse that surrounds an initiative effort" is to

be protected.  ECF No. 86 at PageID #: 1045; *see also* ECF No. 83 at PageID #: 978; ECF No. 85

at PageID #: 1030.

The Sixth Circuit has "identified substantive due-process claims as falling into two

categories: (1) deprivations of a particular constitutional guarantee; and (2) actions that shock the

conscience."  *EJS Properties, LLC v. City of Toledo*, 698 F.3d 845, 861 (6th Cir. 2012) (quoting

*Valot v. S.E. Local Sch. Dist. Bd. of Educ.*, 107 F.3d 1220, 1228 (6th Cir. 1997)) (quotation

marks omitted).  A fundamental right to local, community self-government

does not fit in either category.  The right to local, community self-government is governed by

state law, not federal law.  *See* ECF No. 69 at PageID #: 638 (citing *John Doe No. 1 v. Reed*, 561

U.S. 186, 212 (2010) (Sotomayor, J., concurring) (noting that it is "instead up to the people of

each State . . . to decide whether and how to permit legislation" through "mechanisms of direct

(4:19CV260)

democracy" such as the initiative power and referendum power)); *see also Taxpayers United for Assessment Cuts v. Austin*, 994 F.2d 291, 297 (6th Cir. 1993) ("[T]he right to initiate legislation is a wholly state-created right[.]").

Because Plaintiffs have failed to demonstrate that "local, community self-government" is a substantive due process right cognizable under the Fourteenth Amendment, Plaintiffs' substantive due process challenge (Count 6) against Defendants Franklin County Board of Elections, Athens County Board of Elections, Meigs County Board of Elections, and Medina County Board of Elections is dismissed.

### C. Plaintiffs' Ninth Amendment Claim

Plaintiffs assert that their "unenumerated rights preserved for the people by the Ninth Amendment" have been violated by Defendants.  ECF No. 1 at PageID #: 58.

The Court has found that the "Ninth Amendment 'does not confer substantive rights in addition to those conferred by . . . governing law.'"  *Id.* at PageID #: 650 (quoting *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991)).  As noted, the right to local, community self-government is not a right guaranteed under the United States Constitution.

Because Plaintiffs fail to assert a protected constitutional right, the Court dismisses Plaintiffs' Ninth Amendment challenge (Count 7) against Defendants Franklin County Board of Elections, Athens County Board of Elections, Meigs County Board of Elections, and Medina County Board of Elections.

### D. Plaintiffs' Separation of Powers Claim

Plaintiffs assert that the Ohio ballot initiative statutes are unenforceable as a violation of the Separation of Powers Doctrine.  ECF No. 1 at PageID #: 60.  Defendants contest that the

(4:19CV260)

Court does not have subject matter jurisdiction over Plaintiffs' separation of powers claim. ECF No. 78 at PageID #: 937; ECF No. 79 at PageID #: 948-49; ECF No. 80 at PageID #: 965-66.

Actions against the state or an arm of the state are subject to sovereign immunity under the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005). "[C]ounty boards of elections and their members" are arms of the state. *See* ECF No. 69 at PageID #: 639 (citing *State ex rel. Semik v. Cuyahoga Cty. Bd. of Elections*, 617 N.E.2d 1120, 1122 (Ohio 1993) ("The board of elections . . . is strictly a board and an arm of the state government.").

Plaintiffs have failed to show that the Eleventh Amendment is inapplicable to this case. As Defendants have not waived their sovereign immunity, the Court lacks subject matter jurisdiction over Plaintiffs' separation of powers claim. *See* ECF No. 69 at PageID #: 639; *see also Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("The federal courts are simply not open to such state law challenges to official state action, absent explicit state waiver of the federal court immunity found in the Eleventh Amendment.")

Accordingly, because the Franklin County Board of Elections, Athens County Board of Elections, Meigs County Board of Elections, and Medina County Board of Elections are immune, the Court dismisses Plaintiffs' Separation of Powers claim (Count 8) against Defendants pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

### IV. Conclusion

For the foregoing reasons, the Court grants the motion to dismiss filed by the Franklin County Board of Elections (ECF No. 78), the motion to dismiss filed by the Athens County Board of Elections and the Meigs County Board of Elections (ECF No. 79), and the motion for

(4:19CV260)

judgment on the pleadings filed by the Medina County Board of Elections (ECF No. 80).


      IT IS SO ORDERED.



    April 30, 2020                            /s/ Benita Y. Pearson            
Date                                     Benita Y. Pearson
                                     United States District Judge